Chief Justice Shaekey
delivered the opinion of the court.
The defendant was sued on two promissory notes, and set up as a defence that the notes were given for land, to a portion of which the vendor had no title. By a copy of the deed introduced, it appears to have been understood that there was a defect in the title to a small quantity of the land, and the vendor agreed and bound himself, that in case he should fail to perfect the title, by the time the last payment became due, he would make a reduction from the price at the rate of a stipulated sum per acre for such deficiency; and evidence was also introduced to prove that the title had not been perfected, but was in another person. A copy taken from the record book was introduced instead of the original deed, and the defendant was sworn to prove that the original was lost or mislaid. He stated that he had assigned the deed to one Grissom, and all *208 his interest in the land, but did not-state that the deed had been lost, or that Grissom had been subpoenaed, or that any effort had been made to procure the original. The plaintiff objected to the introduction of the copy, under these circumstances, but the court allowed it to be read. This is assigned for error. On the other hand it is said it was not error, because it was Gris-som’s title paper, and that a party is not compelled, on subpcena duces tecum, to produce his title papers.
By the writ of subpcena duces tecum, the witness is compelled to produce all documents in possession, unless he have a reasonable excuse to the contrary, of the validity of which excuse the court, and not the witness, is to judge. 3 Stark, on Ev. 1721. It seems that a witness is not compellable to produce title deeds, where the production would prejudice his civil rights. Ib. 1722. But it is the duty of the witness to obey the subpoena, and bring the document with him ; and it is a question of law for the court whether, upon principles of justice and equity, the production of the instrument ought to be enforced. Ib. 1724. 2 Phil. on Ev. 12, note 5. Cowen’s Notes. On this principle, Grissom was bound to obey the subpoena, and after inspection of the paper it was for the court to say, whether it should go in evidence. There is no rule of law which authorizes parties to judge for themselves in advance, whether a document is introducible or not. It was proper that the deed should have been produced, and also the assignment, for it is possible that by the assignment the defence might have been defeated. Their admissibility, when produced, was a question for the court; the statute which makes copies of deeds admissible in evidence, does so only on condition that the original be lost or mislaid, or destroyed by time or accident, and that it is consequently not within the power of the party to produce it.
Another point is made, that it is not competent for the defendant to set up this defence, because he has a warranty, and must resort to that, and cannot set off the damages for a breach of Avarranty against the plaintiff’s demand. No off-set is attempted. It is but a failure of consideration : and the defendant’s right to set it up results from a stipulation in the deed, that Conger, the *209 grantor, would make the deduction, in case he failed to perfect the title when the last payment became due. Whether the defendant has waived any right to make this defence by his contract with Grissom, does not appear. It is said that Conger’s covenant was real, and consequently passed to Grissom. It is certainly by no means clear that it is a real covenant, but if it be so, it would depend upon the terms of the assignment whether it passed to Grissom.
Judgment reversed and case remanded.