LAMAR, Justice,
for the Court:
¶ 1. James A. Burley filed a wrongful-death action on June 7, 2004, for the deaths of his daughter and grandchildren resulting from a vehicular accident between his daughter and an employee of Yazoo Valley Electric Power Association (collectively ‘YVEPA”). During the course of discovery, YVEPA attempted to determine whether Burley would support his theory of liability with expert testimony. Following two motions to compel for *694 Rule 26(b)(4)[1] disclosures, Burley’s withdrawal of his liability expert, the close of discovery, and four trial settings, Burley supplemented his interrogatory response with a new liability expert on October 7, 2010. YVEPA then moved to strike Bur-ley’s designation as untimely and substantively insufficient. The trial court allowed the designation and moved the trial to its fifth setting. Aggrieved by the trial court’s order, YVEPA filed this interlocutory appeal. Finding the trial court abused its discretion, we reverse the judgment and remand this ease for a trial without the plaintiffs’ expert testimony on liability. As this Court previously has ruled, “ ‘[i]t may be that people will miss fewer trains if they know the engineer will leave without them rather than delay even a few seconds ... [a]t some point the train must leave.’ ”[2]
STATEMENT OF FACTS
¶ 2. James Burley filed this action on June 7, 2004. Burley filed as “Parent/Guardian and Next Best Friend of Francesca Hill, Joshua Hill and Jakura Hill, Minors” against YVEPA. Burley alleged that YVEPA was negligent for a vehicular collision resulting in the death of Francesca and her two children.
¶ 3. On August 5, 2004, YVEPA served Burley with written discovery that included an interrogatory asking him to identify the experts he intended to call at trial and to make Rule 26(b)(4) disclosures. On September 14, 2004, Burley responded: “This information will be provided and disclosed pursuant to Mississippi Rules of Civil Procedures [sic].” After receiving no supplementation, YVEPA moved to compel. The trial court ordered Burley to provide a “full and complete response to the Defendants’ expert interrogatory” within ten days from entry of its order filed March 11, 2005. On March 17, 2005, Burley identified Ricky Shivers, who was:
to testify concerning the causes and circumstances involved in the deaths of Francesca Hill, Joshua Hill, and Jakura Hill. It is expected that Mr. Shivers’ [sic] will testify that the subject automobile accident was the sole and proximate cause of the deaths in question. In addition, it is expected that Mr. Shivers will provide testimony regarding autopsies and other tests performed on the decedents. Mr. Shivers’ testimony will be based on his education, training, work experience, life experiences, information and photographs derived from the accident scene, and an examination of the decedents.
¶ 4. Thereafter, the trial court entered a scheduling order which provided that “the Plaintiffs experts shall be designated on or before May 30, 2005, together with [Rule] 26(b)(4) disclosures ... the Defendants’ experts shall be designated on or before June 30, 2005, together with [Rule] 26(b)(4) disclosures ... that all discovery be completed on or before October 30, 2005,” and a trial date was set for April 3, 2006. The parties then entered an agreed order extending the deadline for discovery to be completed on or before December 31, *695 2005, but that “all other terms of the original scheduling order shall remain in force and effect.” About two weeks before the discovery deadline, YVEPA again moved to compel for Rule 26(b)(4) disclosures. In response, Burley withdrew Shivers as an expert. The trial subsequently was reset to August 8, 2006, and then a third time for December 3, 2007.
¶ 5. Meanwhile, YVEPA filed a motion to dismiss or alternatively, for summary judgment, on the basis that Burley lacked standing to commence a wrongful-death action on behalf on Joshua and Jakura Hill. On November 7, 2007, the trial court dismissed the claims brought on behalf of the grandchildren. Aggrieved by the trial court’s decision, Burley appealed to this Court.[3] While that appeal was pending, the trial court entered a stay of proceedings regarding Burley’s claims for Francesca’s death. On November 5, 2009, this Court entered its order reversing the trial court’s dismissal and remanded the case to the trial court “for further proceedings consistent with [its] opinion.”[4]
¶ 6. On October 8, 2010, Burley and his ex-wife Earnestine Hill, as newly appointed administrator of the Estate of Francesca Hill, filed an expert designation of Alvin Kirk Rosenhan. The designation provided in relevant part that:
Mr. Rosenhan has testified in the area of Accident Reconstruction and been accepted by the courts in the state of Mississippi and other states in that area.... Applying the principles and methods to the facts of the instant action, Mr. Rosenhan will testify to a reasonable degree of professional certainty to the following: that on July 17, 2003 Francesca Hill was travelling on Carter Road in Yazoo County Mississippi when her automobile collided with the vehicle driven by Eddie Douglas. Eddie Douglas was driving a vehicle owned by Ya-zoo Valley Electric Power Association. Eddie Douglas was an employee of said association and acting within the course and scope of his employment at the time. Kirk Rosenhan is expected to testify that the accident was caused or contributed [to] by the operation of the GMC pole truck and trailer by Eddie Douglas.
Plaintiff will make Kirk Rosenhan available for deposition at an agreeable time and date prior to trial. Plaintiffs will be responsible for the costs associated with the deposition of Kirk Rosenhan by Defendants, limited to charges of Kirk Rosenhan and a court reporter.
On the same day at Rosenhan’s designation, Rick Patt filed an “entry of appearance” as counsel for the Estate of Francesca Hill and “notice of substitution of administrator.”
¶ 7. In response to the expert designation, YVEPA moved to strike Rosenhan. YVEPA argued that the designation was untimely, since it was filed five and a half years after the expert-designation deadline and five years after the close of discovery. YVEPA argued that Burley had had YVE-PA’s timely designation and that “after years of ruminating over the defense expert’s opinions, the Plaintiff presumes to designate an expert on his own time-table in derogation of the court’s scheduling orders.” YVEPA further argued that the disclosure failed to comply with Rule 26(b)(4), and that Hill had no standing to make an expert designation as a nonparty without a motion and order of substitution under Mississippi Rule of Civil Procedure 25.
*696 ¶ 8. Burley and Hill filed no response to YVEPA’s motion to strike. However, at the hearing on the motion, they argued that, on remand, the scheduling order had no effect, as there was a “clean slate,” and that they had complied with Rule 4.04, which prohibits the designation of an expert witness within sixty days of trial absent special circumstances. And Rick Patt asserted he entered the case due to a potential conflict between Francesca’s estate and the estate of the children, since Francesca may be at fault. Patt also requested that his client, Earnestine Hill, be substituted for Burley as administrator of Francesca’s estate.
¶ 9. At the hearing, the court noted that no party had moved to extend the scheduling order. The court further noted that “if there was something in the Supreme Court’s opinion that required reopening the scheduling deadline, then that wouldn’t be a problem, but I don’t know of anything. I don’t recall anything in that opinion that requires reopening the scheduling order. And to allow Rosenhan to come in as an expert now when this case is set for April 6, that means I’m reopening the scheduling deadlines!.]” The court also asked why Rosenhan was so important, when he was not initially designated. In response, Burley’s counsel stated, “Well, Your Honor, quite frankly, we were not satisfied with our expert witness that we had.”
¶ 10. Following the hearing, the court issued a written order granting Earnestine Hill’s motion for substitution but rejecting the plaintiffs’ arguments that they were entitled to a “clean slate” on remand. However, the court refused to strike Ro-senhan and ordered the parties to enter an agreed scheduling order “covering all necessary and outstanding discovery to include designation of experts and motion deadline.” The court reasoned that its ruling was “an effort to prevent possible injustice to the Plaintiffs” and that the defendants would suffer “no actual prejudice.” It also continued the (fourth) April 6, 2011, trial setting to April 2, 2012. Aggrieved by the trial court’s order allowing Rosenhan’s designation, YVEPA filed this interlocutory appeal.
DISCUSSION
¶ 11. This appeal presents one issue: whether the trial court abused its discretion by allowing Rosenhan’s designation. YVEPA argues that Rosenhan’s designation was untimely and that it failed to comport with Rule 26(b)(4). YVEPA asserts that no evidence or law supports the trial court’s ruling, especially when the trial court expressly rejected the plaintiffs’ arguments.
¶ 12. In response, the plaintiffs argue the trial court has considerable discretion in allowing expert designations, and that it had authority to allow the designation under Rule 4.04. They argue that substitution for the newly-appointed administrator was a “special circumstance” under Rule 4.04 to allow Rosenhan’s designation.[5] They argue that any existing scheduling order was “wiped clean” when this Court remanded the case.[6] Last, the plaintiffs *697 argue that YVEPA can always file a motion to compel to obtain more information about Rosenhan’s opinion and anticipated testimony.
¶ 13. The plaintiffs are correct that the trial court has “considerable discretion” in ruling on discovery matters, and that this Court will not reverse absent an abuse of discretion.[7] However, judicial discretion is not boundless but “is defined as a ‘sound judgment which is not exercised arbitrarily, but with regard to what is right and equitable in circumstances and law, and which is directed by the reasoning conscience of the trial judge to just result.’ ”[8] An abuse of discretion means “‘clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing.’ ”[9]
¶ 14. Furthermore, the plaintiffs are incorrect that, when this Court remands a case, it completely starts over as with a “clean slate.” This Court has held that when it remands a judgment entered after a trial, the new trial generally proceeds de novo.[10] But “[wjhether to reopen discovery and other pretrial matters in a case is left squarely within the sound discretion of the trial court[.]” Thus, upon remand, prior orders governing discovery remain in place absent a party’s motion to extend deadlines and a subsequent order by the trial court. The last scheduling order required plaintiffs’ expert designations by June 30, 2005, and required discovery to be completed by December 31, 2005. This Court’s decision and remand did not alter discovery deadlines, and these orders remained in force when the plaintiffs filed their designation of Rosen-han. Therefore, the plaintiffs’ argument that no scheduling order was in place and that only Rule 4.04 governs on remand is without merit. Rule 4.04 does not take precedence over such scheduling orders, but must be read in conjunction with them.[11]
¶ 15. Rule 4.04 requires that:
All discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of the court upon written motion setting forth good cause for the extension. Absent special circumstances the court will not allow testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record at least sixty days before trial.[12]
The plaintiffs argue that Rosenhan’s designation was proper because they complied *698 with Rule 4.04. However, compliance with Rule 4.04 does not excuse a party’s failure to adhere to a scheduling order.[13] The plaintiffs’ suggestion that Rule 4.04 gave them the right to designate an expert as long as it was sixty days before trial is without merit.
¶ 16. The plaintiffs also fail to satisfy Mississippi Rule of Civil Procedure 26(f), which states that a party has a “duty” to “seasonably” supplement interrogatory responses regarding expert witnesses expected to testify at trial.[14] This Court has ruled that “seasonably” means “ ‘immediately’ ” [15] and “soon after new information is known and far enough in advance of trial for the other side to prepare.” [16] Seasonably “ ‘must be determined on a case by case basis looking at the totality of the circumstances surrounding the supplemental information the offering party seeks to admit.’ ” [17] Here, the plaintiffs admitted unhappiness with a former expert with no indication of the circumstances surrounding that relationship, the timing of the dissatisfaction, or the discovery of any new information. And the plaintiffs designated Rosenhan approximately six years after filing the complaint, five and a half years after the expert-designation deadline, and five years after the close of discovery. All discovery was complete at the time the court entered the stay during . the first appeal. The trial court entered the stay only to prevent Burley from possibly facing two trials.
¶ 17. .While the trial court appropriately found that the plaintiffs filed an untimely designation without a proper motion, it still allowed Rosenhan’s designation and continued the trial to its fifth setting. The trial court’s order identifies two bases for allowing the untimely designation: (1) prevent possible injustice to the plaintiffs and defendants; and (2) no actual prejudice to the defendants. This Court has found such reasons relevant in determining whether to exclude evidence for a discovery violation.[18] Here, the plaintiffs present no evidence of an excusable oversight. And the plaintiffs present no evidence of harm. They withdrew their first liability expert and had three trial settings before filing Rosenhan’s designation. YVEPA also argues that the trial court denied the defendants’ motion for summary judgment without the plaintiffs having any expert testimony in support of their case, so Rosenhan’s testimony could not be too important.
¶ 18. Furthermore, YVEPA points out that Rosenhan’s designation fails to comply with Rule 26(b)(4), so the court was without the benefit of truly determining the importance of Rosenhan’s testimony.[19] Rule 26(b)(4) provides that:
[a] party may through interrogatories require any party to identify each person whom the other party expects to call as a witness at trial, to state the subject *699 matter on which the expert is expected to testify, and to state the substance of and facts and opinions to which the expert is expected to testify and a summary of grounds for each opinion.[20]
This Court has held that Rule 26(b)(4) requires the disclosure of “the substance of every fact and every opinion which supports or defends the party’s claim or defense” and that the disclosure must “set forth in meaningful information which will enable the opposing party to meet it at trial.”[21] As argued by YVEPA, Rosen-han’s designation contains no more information than a pleading. It fails to provide any “meaningful information,”[22] much less “the substance of and facts and opinions to which the expert is expected to testify and a summary of grounds for each opinion.”[23]
¶ 19. The trial court found that a continuance of almost one year was warranted to allow the parties to engage in additional discovery, presumably to prevent any prejudice to YVEPA by allowing YVEPA time to depose Rosenhan or to provide a counter designation. While such time would prevent a trial by ambush, it also adds additional expense associated with another year of continuance and possibly even more discovery.[24]
¶ 20. Last, the late designation was in derogation of the scheduling order and was made without proper motion, and thus certainly disrupted the “orderly proceedings” [25] of the trial court. This Court has ruled that a “trial court has the authority and indeed the duty to maintain control of the docket and ensure the efficient disposal of court business.”[26] We are unable to see how another continuance and the allowance of Rosenhan’s designation ensure the “efficient disposal”[27] of this case, especially in light of YVEPA’s two prior motions to compel the same information. The plaintiffs consistently have failed to provide the necessary Rule 26(b)(4) disclosures, and YVEPA should not have to go through the time and expense of filing another motion to compel as urged by the plaintiffs. Thus, after reviewing the totality of circumstances, this Court finds that the trial court abused its discretion in failing to strike Rosenhan’s expert designation. “It would be inherently unfair and a •violation of our rules of civil procedure for the plaintiffs] — who consistently [have] ignored the rules and violated the discovery deadlines”[28] to proceed to trial with Ro-senhan’s testimony.
CONCLUSION
¶ 21. This Court finds the trial court abused its discretion in refusing to strike Rosenhan’s belated and inadequate designation. The plaintiffs failed to follow the trial court’s orders and the rules governing civil procedure. As noted in another case, *700 “[w]hile the end result in today’s case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts”[29] and with the rules governing civil procedure. This Court reverses and remands for trial consistent with this opinion.
¶ 22. REVERSED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., AND RANDOLPH, J., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, PIERCE AND KING, JJ.

. Mississippi Rule of Civil Procedure 26(b)(4) provides in relevant part:
A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
Miss. R. Civ. P. 26(b)(4)(A)(i).

. Bowie v. Montfort Jones Mem’l Hosp., 861 So.2d 1037, 1042 (Miss.2003) (quoting Guar. Nat'l Ins. Co. v. Pittman, 501 So.2d 377, 388-89 (Miss.1987)).

. Burley v. Douglas, 26 So.3d 1013, 1016 (Miss.2009).

. Id. at 1025. (The mandate issued February 26, 2010.)

. This Court notes that, under Rule 4.04, a "special circumstance” is necessary only to justify an expert designation within sixty days of trial. Here, the plaintiffs designated Ro-senhan almost six months before trial. Therefore, whether the appointment of a new administrator constitutes a "special circumstance” is irrelevant.

. This Court notes that YVEPA argues the plaintiffs should have filed a cross-appeal, since the trial court rejected their arguments. However, this Court has quoted with approval the following rule: " '[wjhile a cross appeal is necessary to obtain a decision more favorable than that rendered by the lower tribunal, it is not necessary to urge an alternative ground *697 for affirmance, even if the trial court considered and rejected that alternative ground.’" Dunn v. Dunn, 853 So.2d 1150, 1152 (Miss.2003) (quoting Hajj v. Roat, 2002 WL 571785, *1 (Mich.Ct.App. April 16, 2002)).

. Venton v. Beckham, 845 So.2d 676, 684 (Miss.2003). See also Miss. R. Evid. 103 (stating "[ejrror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected”).

. White v. State, 742 So.2d 1126, 1136 (Miss. 1999) (quoting Black's Law Dictionary 848 (6th ed. 1990)).

. Id. (quoting Black’s Law Dictionary 848 (6th ed. 1990)).

. West v. State, 519 So.2d 418, 425 (Miss.1988); see also Weems v. Am. Sec. Ins. Co., 486 So.2d 1222, 1226 (Miss.1986) (emphasis added) (ruling that judgment on an issue not assigned for appeal may stand undisturbed when appellate court reverses and remands on another, unrelated issue).

. Venton, 845 So.2d at 683-84.

. URCCC 4.04(A) (emphasis added).

. Venton, 845 So.2d at 683-84.

. Miss. R. Civ. P. 26(f)(1)(B).

. Bowie v. Montfort Jones Mem'l Hosp., 861 So.2d 1037, 1041 (Miss.2003) (quoting West v. Sanders Clinic for Women, P.A., 661 So.2d 714, 721 (Miss.1995)).

. Robert v. Colson, 729 So.2d 1243, 1246 (Miss.1999) (emphasis added).

. Bowie, 861 So.2d at 1041.

. Miss. Power & Light Co. v. Lumpkin, 725 So.2d 721, 733-34 (Miss.1998).

. The plaintiffs argue that YVEPA is barred from raising this argument on appeal, since it failed to designate its petition for interlocutory appeal as part of the record on appeal. That argument is misplaced, as YVEPA’s petition and the plaintiffs' response are part of this Court’s record, not the record before the trial court that must be compiled for appeal.

. Miss. R. Civ. P. 26(b)(4)(A)©.

. Nichols v. Tubb, 609 So.2d 377, 384 (Miss. 992).

. Id.

. Miss. R. Civ. P. 26(b)(4)(A)©.

. See Huff v. Polk, 408 So.2d 1368, 1371 (Miss.1982) (ruling that a party’s noncompliance with its expert-designation deadline is not cured by the court offering a continuance over the other party’s objection); see also Clark v. Mississippi Power Co., 372 So.2d 1077, 1080 (Miss.1979) (ruling that it is appropriate to prohibit the testimony of an expert who is not timely designated).

. Miss. Power & Light Co. v. Lumpkin, 725 So.2d 721, 734 (Miss.1998).

. Venton v. Beckham, 845 So.2d 676, 684 (Miss.2003) (emphasis added).

. Id.

. Banks v. Hill, 978 So.2d 663, 666 (Miss.2008).

. Bowie v. Montfort Jones Mem'l Hosp., 861 So.2d 1037, 1043 (Miss.2003).