CARLTON, J„
for the Court:
¶ 1. This appeal stems from the Tallahatchie County Circuit Court’s order striking Anthony Laws’s expert witness and then later granting Louisville Ladder Inc.’s motion for summary judgment. Laws appeals, arguing that the trial court abused its discretion in awarding Mississippi Rule of Civil Procedure 37 sanctions by arbitrarily striking Laws’s expert witness, and that the trial court further erred in granting the motion to dismiss based on the exclusion of Laws’s expert witness.
¶ 2. Upon appellate review, we find that the trial court indeed abused its discretion by imposing discovery sanctions upon Laws arbitrarily, since the record reflects Laws and his expert witness complied with the subpoena duces tecum actually served by Louisville Ladder. Upon finding that the trial court abused its discretion and erred in the arbitrary imposition of sanctions by the exclusion of Laws’s expert witness, we reverse the trial court’s grant *382 of summary judgment and remand for proceedings consistent with this opinion.
FACTS
¶ 3. On April 7, 2010, Laws filed suit against Louisville Ladder[1] in the Tallahat-chie Circuit Court seeking damages pursuant to the Mississippi Products Liability Act, Mississippi Code Annotated section 11-1-63 (Supp.2013), for personal injuries that he sustained when he fell off of a six-foot stepladder manufactured by Louisville Ladder. Laws alleged that the design of the ladder exhibited defects, and the bottom step of the ladder split, causing both the ladder and Laws to fall.
¶ 4. On June 12, 2012,[2] the trial court entered an amended scheduling order providing deadlines for completing discovery and filing motions and setting the case for trial. In August 2012, Laws’s attorney agreed to produce his liability expert and witness, Dr. Richard Forbes, for a deposition in Jackson, Mississippi. On August 20, 2012, Louisville Ladder mailed and faxed a subpoena duces tecum to Laws’s counsel, scheduling the deposition on September 27, 2012. The subpoena duces te-cum served to Dr. Forbes summoned Dr. Forbes to:
[Pjroduce within fourteen (14) days from the date of receipt of this subpoena duces tecum to David C. Dunbar ... either by hand-delivery or first class mail certified copies of the following documents or other tangible things held by you:
1.Your entire file on [Laws], including, but not limited to, any notes, expert reports, measurements, photographs, video films, testing, calculations^] or other documents prepared in connection with this litigation;
2. Any and all letters issued or received in connection with the Laws case;
3. Any and all bills issued in connection with the Laws case;
4. Any and all timesheets or time records maintained in the Laws case;
5. A copy of your Curriculum Vitae and [l]ist of Rule 26 cases; and
6. Any and all documents or materials reviewed in formulating your expert opinions.
The record shows that Louisville Ladder sent Dr. Forbes a subpoena duces tecum and a notice for that deposition, but failed to subpoena Dr. Forbes himself to appear and testify at the deposition.
¶ 5. Meanwhile, Laws’s counsel then requested to depose Louisville Ladder’s Mississippi Rule of Civil Procedure 30(b)(6) corporate representative, stating that Dr. Forbes would not appear for his scheduled deposition on September 27, 2012, because Laws’s counsel had not yet had the opportunity to depose Louisville Ladder’s corporate representative. Louisville Ladder objected, explaining that per the scheduling order, all discovery had to be completed by September 28, 2012, and the deadline for filing dispositive motions was October 30, 2012. Laws claims that Dr. Forbes needed to review the corporate-representative deposition, as well as other production documentation, prior to testifying in his deposition. Laws argues that Louisville Lad *383 der failed to respond until September 13, 2012, to Laws’s assertions regarding production documents and scheduling the corporate representative deposition. The dates provided to Laws by Louisville Ladder for deposing its corporate-representative were dates after September 27, 2012, the date set for Dr. Forbes’s deposition.
¶ 6. Laws claims that on September 20, 2012, the parties agreed to extend the discovery deadline to November 15, 2012, and the record contains emails from both parties reflecting such an agreement. However, Louisville Ladder states that while the parties discussed a discovery continuance, no agreement was ever reached. The pretrial discovery schedule and order provided that the deadlines could be amended by the parties or by the court. A review of the record reflects the following text in an email from counsel for Louisville Ladder to counsel for Laws: “I suggest that we extend discovery to November] 15, 2012. However, the motion deadline is still [October 30, 2012], which only the court can extend. Thus, my motions need to be filed by that date.”
¶ 7. However, on October 1, 2012, Louisville Ladder filed a motion to dismiss, or alternatively, for sanctions, arguing the following: that Laws refused to produce his expert for a deposition on September 27, 2012, in a timely manner; that Laws and Dr. Forbes ignored the notice of deposition and subpoena duces tecum issued to Dr. Forbes in connection with the notice of deposition scheduled for September 27, 2012; that Laws failed to file a motion to quash the deposition and subpoena as required by Mississippi Rules of Civil Procedure 26(d) and 45(d); and that no rules or caselaw support Laws’s assertion that a defendant may cancel a scheduled expert’s deposition so that the plaintiff can depose a fact witness. Louisville Ladder asserted that Laws’s actions severely prejudiced its ability to prepare its defense.
¶ 8. On December 3, 2012, the trial court denied Louisville Ladder’s motion to dismiss, but as a sanction under Rule 37(a) for failing to produce Dr. Forbes at the September 27, 2012 deposition, the trial court entered an order striking Laws’s expert, Dr. Forbes. The original discovery deadline of September 28, 2012, expired, and upon the trial court’s exclusion of his expert, Dr. Forbes, Laws then possessed no expert liability witness for trial. Laws filed a petition for an interlocutory appeal and a motion to stay the proceedings in the Mississippi Supreme Court, requesting that the supreme court reverse the trial court’s order excluding Dr. Forbes and continue or stay the trial date. On January 16, 2013, the supreme court entered an order denying the petition and motion.
¶ 9. On January 18, 2013, Laws filed a motion to continue in the trial court, seeking additional time to retain a new expert. On February 7, 2013, the trial court entered an order denying Laws’s motion to continue the trial date. The trial court also granted Louisville Ladder’s motion for summary judgment, explaining that Laws “cannot prove that the subject ladder was defective without an expert liability witness.”
¶ 10. Laws now appeals.
STANDARD OF REVIEW
¶ 11. The trial court possesses considerable discretion in the imposition of sanctions. Cunningham, v. Mitchell, 549 So.2d 955, 958 (Miss.1989). A trial court also possesses considerable discretion when ruling on discovery matters. Douglas v. Burley, 134 So.3d 692, 697 (¶ 13) (Miss.2012). This Court reviews a trial judge’s decision to impose sanctions for discovery abuses under an abuse-of-discre *384 tion standard. Ladner v. Ladner, 436 So.2d 1366,1371 (Miss.1983). The decision will be affirmed “unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon [the] weighing of relevant factors.” Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 692 (Miss.1990) (citation omitted). The decision to grant or deny a continuance is left to the sound discretion of the chancellor, “and will not be reversed unless there is shown a manifest abuse of discretion.” Rives v. Rives, 416 So.2d 653, 656 (Miss.1982).
¶ 12. When reviewing the grant of summary judgment, this Court utilizes a de novo standard of review. Webb v. Imperial Palace of Miss., LLC, 76 So.3d 759, 759-60 (¶ 3) (Miss.Ct.App.2011) (citing Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547 (¶ 13) (Miss.1998)). Summary judgment must be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id. at 760 (¶ 3) (quoting M.R.C.P. 56(c)). “This Court will consider all of the evidence before the [trial] court in the light most favorable to the non-moving party.” Id. (citing Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995)).
DISCUSSION

I. Rule 37 Sanctions

¶ 13. Laws argues that the trial court erred in awarding Rule 37 sanctions. Laws asserts that he violated no court order or any discovery rules. Laws claims that the trial court awarded the sanctions based on misrepresentations made by Louisville Ladder.
¶ 14. As stated, on appeal, we review a trial court’s imposition of sanctions for discovery violations under an abuse-of-diseretion standard. Ladner, 436 So.2d at 1371. In assessing the trial court’s exercise of discretion, we first inquire whether the trial court applied the correct legal standard.
¶ 15. In the present case, the trial court granted Louisville Ladder’s motion to dismiss in part, and denied it in part. The trial court granted Louisville Ladder’s motion requesting Rule 37 sanctions and struck Laws’s expert, Dr. Forbes. However, the trial court initially declined to grant the motion to dismiss the case, explaining that dismissal “is too extreme of a sanction in this matter.” The trial court later dismissed the case due to Laws’s lack of an expert witness to establish liability. However, Laws’s argument on appeal addresses not only the severity of the sanction, but also attacks the factual basis of the sanction.
¶ 16. We acknowledge precedent establishing the exclusion of evidence and dismissal as harsh sanctions not to be imposed lightly or without a sufficient factual basis showing a clear violation and willfulness. See Bowie v. Montfort Jones Mem’l Hosp., 861 So.2d 1037, 1041^2 (¶¶ 12-13) (Miss.2003); see also Ross v. State, 954 So.2d 968, 1000 (¶65) (Miss.2007). As stated, Laws claims that he never violated a court order nor violated any discovery rule. With respect to Laws’s claim, the record reflects that Laws’s expert, Dr. Forbes, provided the documents and record requested by the subpoena duces te-cum issued by Louisville Ladder. In reviewing Laws’s claim of compliance with the subpoena duces tecum at issue, we acknowledge that Dr. Forbes constituted a nonparty expert witness, and as such, his attendance at the deposition to appear and *385 testify must be obtained by proper subpoena. See M.R.C.P. 45; see generally III. Cent. R.R. Co. v. Winters, 815 So.2d 1168, 1177 (¶ 35) (Miss.2002) (overruled on other grounds) (stating that except for circumstances where an employee has been designated by the corporation under Rule 30(b)(6) or qualifies as an officer, director, or managing agent of a party corporation, the employee is treated as any other witness, and his presence must be obtained by subpoena).
¶ 17. Laws also asserts that he made Dr. Forbes personally available for a deposition within the extended discovery deadline, and Laws states that he was not to blame for the deposition-scheduling conflict. Laws argues that Louisville Ladder raised numerous false claims to the trial court, and the trial court erroneously based its findings on these misrepresentations, including the following: that Louisville Ladder issued a subpoena to depose Dr. Forbes, when it had not; that Laws failed to produce documents in compliance with Dr. Forbes’s subpoena duces tecum; that the parties never agreed to extend the discovery deadline; and that the Mississippi Supreme Court had affirmed the trial judge’s decision in awarding sanctions on interlocutory appeal.
¶ 18. At the core of his argument on appeal, Laws states that Louisville Ladder failed to properly subpoena Dr. Forbes to personally appear and to testify at the deposition at issue. Laws provides that Louisville Ladder filed a subpoena duces tecum, which only required Dr. Forbes to produce documents relating to Laws’s case. Laws asserts that since Louisville Ladder failed to subpoena Dr. Forbes to appear in person and testify at the deposition, then the trial court’s sanction lacked a factual basis. Laws argues that he complied with the subpoena duces tecum that Louisville Ladder served. Laws also asserts that Louisville Ladder failed to seek an order from the trial court compelling discovery, and as a result, the trial court’s award of Rule 37 sanctions was improper. See Caracci v. Int’l Paper Co., 699 So.2d 546, 557 (Miss.1997).
¶ 19. Without addressing the subpoena actually served, Louisville Ladder refutes Laws’s assertion that a court order compelling discovery was needed before seeking sanctions against Laws, citing Kilpatrick v. Mississippi Baptist Medical Center, 461 So.2d 765, 767 (Miss.1984), where the supreme court held that “[u]nder the inherent power of courts to protect the integrity of their process, courts may impose sanctions without a court order.” However, we acknowledge that the imposition of sanctions for a discovery violation requires some noncompliance or failure to cooperate in discovery. See generally Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997). The flaw in Louisville Ladder’s argument and the sanction by the trial court pertains to the lack of a subpoena requiring Dr. Forbes to personally appear and testify at the deposition in dispute. The trial court erred by imposing sanctions upon Laws for failing to produce a nonparty witness where no subpoena was issued for this witness to appear and testify. Stated otherwise, Louisville Ladder failed to actually subpoena this nonparty witness to personally appear and testify at the deposition. See M.R.C.P. 45.
¶ 20. A review of the record reflects that Louisville Ladder served a subpoena duces tecum upon Laws, and not a subpoena ad testificandum requiring Dr. Forbes’s personal presence at a deposition or hearing.[3] The comments to Mississippi Rule of Civil Procedure 45 explain that “[sjubpoe- *386 nas are of two types: a subpoena ad testi-ficandum compels the attendance of a witness; a subpoena duces tecum compels the production of documents and things.” See also Miss.Code Ann. § 11-1-51 (Rev. 2002); 9 Wright & Miller, Federal Practice and Procedure, Civil § 2451 (1971). Rule 45(a)(1) provides that a subpoena “shall command each person to whom it is directed to attend and give testimony, or to produce and permit inspection” of evidence, and further provides that the “command to produce or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately.” As previously acknowledged, precedent reflects that the attendance of a nonparty expert witness must be obtained by proper subpoena.[4] Winters, 815 So.2d at 1177 (¶35). The trial court herein erred by imposing sanctions, since the record reflects that Laws complied, as required by Rule 45 and Mississippi Code Annotated section 11-1-51, with the subpoena duces tecum[5] that Louisville Ladder actually served in this case. Compare SLM v. Clinton Pub. Sch. Dist., 677 So.2d 737, 740 (Miss.1996).
¶21. The imposition of sanctions for a discovery violation requires a determination of whether a failure to comply or lack of cooperation exists. See Hapgood v. Biloxi Reg’l Med. Ctr., 540 So.2d 630, 633 (Miss.1989) (reversed sanction since trial court ordered appellant to produce original diaries but appellant no longer possessed originals, just copies); Harvey v. Stone Cnty. Sch. Dist., 862 So.2d 545, 549 (¶ 10) (Miss.Ct.App.2003) (This Court reversed a dismissal based on discovery violations because the record failed to show that the pro se appellant repeatedly disregarded procedural directives of the court.).[6] In so doing, we recognize precedent requires a showing that the failure to comply or cooperate was willful or intentional. City of Jackson v. Rhaly, 95 So.3d 602, 608-09 (¶ 13) (Miss.2012); Harvey, 862 So.2d at 549 (¶ 10). In this case, the emails in the record show that the parties displayed agreement to extend the discovery deadline to November 15, 2012, and that Louisville Ladder failed to avail itself of the opportunity to subpoena Dr. Forbes to appear and to testify during that time. We further acknowledge that the trial court’s “discretion is not boundless but is defined as a sound judgment which is not exercised arbitrarily, but with regard to what is right and equitable in circumstances and law, and which is directed by the reasoning conscience of the trial judge to just result.” Douglas v. Burley, 134 So.3d 692, 697 (¶ 13) (Miss.2012). Precedent reflects that there must be a clear showing of noncompliance or of lack of cooperation to support sanctions, and the record fails in this case to support such.
¶ 22. A close examination of the subpoena duces tecum in this case shows Louisville Ladder summoned Dr. Forbes to do the following:
*387 [PJroduce within fourteen (14) days from the date of receipt of this subpoena duces tecum to David C. Dunbar ... either by hand-delivery or first class mail certified copies of the following documents or other tangible things held by you:
1. Your entire file on [Laws], including, but not limited to, any notes, expert reports, measurements, photographs, video films, testing, caleula-tions[,] or other documents prepared in connection with this litigation;
2. Any and all letters issued or received in connection with the Laws case;
3. Any and all bills issued in connection with the Laws case;
4. Any and all timesheets or time records maintained in the Laws case;
5. A copy of your Curriculum Vitae and [list of Rule 26 cases; and
6. Any and all documents or materials reviewed in formulating your expert opinions.
As explained, a subpoena duces tecum only requires the production of documents, and imposes no requirement for the witness to deliver the documents personally. The subpoena duces tecum served upon Dr. Forbes allowed for Dr. Forbes to either hand-deliver or mail the documents. The record reflects that Laws and Dr. Forbes complied with the subpoena duces tecum by providing the documents subject to that subpoena in accordance with the date and time required. Therefore, the trial court erred in finding that Laws failed to comply or cooperate in the deposition of Dr. Forbes, and thus the trial court arbitrarily imposed sanctions on Laws. See Miss. Code Ann. § 11-1-51; Philley v. Toler, 239 Miss. 347, 359, 123 So.2d 223, 227-28 (I960).[7] As explained previously, to require the presence of Dr. Forbes at a deposition, Louisville Ladder must have obtained the presence of this nonparty witness by subpoena. See Winters, 815 So.2d at 1177 (¶ 35).
¶ 23. Additionally, the record reflects that the trial court entered an amended scheduling order on June 12, 2012, which provided that the discovery deadlines contained in the scheduling order “may be supplemented, amended, or extended by agreement of the parties or permission of the [c]ourt upon the showing of reasonable cause.” (Emphasis added). The record also contains email correspondence between the attorneys for both parties, which reflects on its face their agreement to extend the discovery deadline to November 15, 2012.
¶ 24. The record shows that Laws agreed to produce Dr. Forbes to appear and to testify at a deposition within this extended discovery deadline of November 15, 2012; however, Louisville Ladder failed to subpoena Dr. Forbes to appear and to testify at a deposition even during the extended discovery period. Louisville Ladder instead filed a motion to dismiss and for sanctions on October 1, 2012, upon expiration of the original September 28, 2012 discovery deadline. A review of the record fails to show a willful or intentional failure to cooperate with discovery by Laws.
¶ 25. With respect to the discovery scheduling order, we acknowledge that the Mississippi Supreme Court has established that upon review, prior discovery orders of the trial court remain in place. Douglas, 134 So.3d at 697 (¶ 14). To prevent confusion and potential conflict, upon remand, *388 the trial court herein may wish to revisit its prior order allowing the parties to extend the discovery deadline upon their mutual agreement without a court order. See id.

II. Summary Judgment

¶ 26. Laws also asserts that the trial court erred in denying Laws’s motion to continue to the trial and that the trial court erred in granting Louisville Ladder’s motion for summary judgment based on the exclusion of his expert.
¶ 27. On October 29, 2012, Louisville Ladder filed a motion for summary judgment, arguing that Laws lacked the ability to prove the required elements of his products-liability claim because, among other things, Laws could not provide expert testimony to establish that the warnings on the ladder were inadequate. On February 28, 2013, the trial court granted the motion for summary judgment, stating: “The court finds that [Laws] cannot prove that the subject ladder was defective without an expert liability witness.”
¶ 28. As discussed previously, the record reflects that the trial court abused its discretion by arbitrarily imposing sanctions upon Laws for failing to produce Dr. Forbes at the September 27, 2012 deposition, since Louisville Ladder failed to require the personal presence of this non-party witness for testimony by proper subpoena.[8] Since the trial court abused its discretion in striking Laws’s expert witness without a sufficient showing of noncooperation or noncompliance with discovery, then the trial court erred in granting summary judgment.[9] Webb, 76 So.3d at 759-60 (¶ 3); see Hapgood, 540 So.2d at 633. Accordingly, we reverse the trial court’s order striking Laws’s expert witness and also its order granting summary judgment. We therefore remand to the trial court for further proceedings consistent with this opinion.[10]
¶ 29. THE JUDGMENT OF THE TALLAHATCHIE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Laws also filed suit against Davidson Ladders Inc., Discount Lumber & Hardware, and Hardware Distribution Warehouses Inc., but these parties were subsequently dismissed from this litigation.

. This case was originally set for trial on November 4, 2011, but Louisville Ladder sought to remove the action to federal district court. The case was eventually remanded to the Tallahatchie County Circuit Court.

. See Winters, 815 So.2d at 1177 (¶ 35); M.R.C.P. 45 & cmts.

.The comments to Rule 45 state that "a subpoena for the attendance of a witness at the taking of a deposition is issued as of course by the clerk upon proof of service of notice to depose as provided in [Rules] 30(b) and 31(a).” The record shows that Louisville Laws sent Dr. Forbes a subpoena duces te-cum and a notice for deposition, but failed to subpoena Dr. Forbes himself to appear at the deposition.

. See Chaplain v. Briscoe, 13 Miss. 198, 208 (1845) (witness under subpoena duces tecum is compelled to produce all documents requested in his possession); M.R.C.P. 45.

. See also Caracci, 699 So.2d at 558-59 (exclusion of expert testimony was too harsh a discovery sanction under Rule 37(b) where the party failed to have the expert's report made under oath).

. M.R.C.P. 45 (providing the procedures for issuance of a subpoena and duties in responding to the subpoena).

. See Carraway v. State, 562 So.2d 1199, 1203-04 (Miss. 1990).

. See Harvey, 862 So.2d at 549 (¶ 10).

.See Douglas, 134 So.3d at 697 (¶ 14) (prior discovery orders of trial court remain in place upon remand absent a party's motion to extend deadlines and a subsequent order by the trial court).