# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00465-SCT

*SHARKEY ISSAQUENA COMMUNITY HOSPITAL*

*v.*

*ALAN ANDERSON AND LINDA ANDERSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2014 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY, JR. |
| TRIAL COURT ATTORNEYS: | CLIFFORD C. WHITNEY, III |
| | R. E. PARKER, JR. |
| | JOEL S. GATLIN, III |
| COURT FROM WHICH APPEALED: | SHARKEY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CLIFFORD C. WHITNEY, III |
| | R. E. PARKER, JR. |
| ATTORNEYS FOR APPELLEES: | WILLIAM W. FULGHAM |
| | OMAR LAMONT NELSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED  - 12/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Alan and Linda Anderson filed a medical malpractice action against Sharkey Issaquena Community Hospital but failed to designate an expert timely in accordance with the scheduling order imposed by the Circuit Court of Sharkey County. Out of time, the Andersons filed their expert designation, along with a motion for continuance. The hospital moved to strike the expert designation and moved for summary judgment. Following a hearing, the circuit court granted a continuance to the Andersons and denied both the hospital's motion to strike and its motion for summary judgment. Aggrieved, the hospital

filed the instant interlocutory appeal. Finding no error in the decision of the Circuit Court of Sharkey County, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Alan and Linda Anderson (the Andersons) filed a complaint in the Circuit Court of Sharkey County, Mississippi, on April 19, 2013, alleging that Sharkey Issaquena Community Hospital (SICH) had failed to diagnose Alan Anderson's stroke timely when he presented to the hospital's emergency room on September 23, 2011. The Andersons alleged that the hospital breached the applicable standard of care by discharging Alan Anderson, despite his having presented to the hospital with symptoms indicating stroke, and instructing him to consult his primary care physician within three or four days, which resulted in a stroke and "greatly increased deficits in his function, loss of enjoyment of life, medical costs, pain, suffering and other damages . . . ." SICH filed its answer and affirmative defenses on July 25, 2013. The parties agreed to, and the trial court entered, a scheduling order, which set the following deadlines:

1.     That counsel shall complete all discovery no later than **February 3, 2014.**

2.     That counsel shall serve all motions to join additional parties no later than **September 28, 2013.**

3.     That all the Plaintiff experts shall be designated on or before **November 30, 2013.**

4.     That all the Defense experts shall be designated on or before **December 31, 2013.**

5.     That all motions, with the exception of the *in limine* motions shall be served on or before **February 3, 2014.**

6.  The parties shall file a joint pretrial order on **February 17, 2014.** Plaintiff will submit his section of the Pretrial Order no later than **February 7, 2014** and Defendants will submit their portion of the Pretrial Order no later than **February 12, 2014.**

(Emphases in original.) The trial court set the trial for March 3, 2014.

¶3.    Despite the Andersons' failure to file a designation of experts, SICH filed its own expert designation, along with the credentials of its proposed experts, on January 2, 2014. On February 5, 2014, the Andersons filed a motion for continuance and for relief from the scheduling order, stating that "[i]n the prior six months, significant discovery has occurred including the deposition of the Plaintiff and responses to written discovery" and that "Plaintiff has in good faith engaged in significant discovery in the past six months, but that more discovery needs to be done in order to prepare the case for trial." With their motion for continuance, the Andersons filed their expert designation. That same day, SICH filed a motion for summary judgment, arguing that the Andersons' failure to designate an expert witness on or before the appointed date in the scheduling order entitled it to summary judgment because, in the absence of an expert witness, the Andersons "cannot prove their claims as a matter of law."

¶4.    Two days later, on February 7, 2014, SICH filed an opposition to the motion for continuance and a motion to strike the Andersons' expert designation. SICH claimed that the Andersons had been dilatory in pursuing discovery and that SICH was "prejudiced by the three months late" expert disclosure. According to SICH, "Defendant's experts did not have the designation . . . available to them in preparing their opinions in this case . . . ." SICH claimed that the late disclosure made it impossible for it to prepare for the trial date set in the

3

scheduling order. The trial court heard SICH's motion for summary judgment, its motion to strike expert designation, and the Andersons' motion for continuance on February 14, 2014.

¶5.     The trial court granted the Andersons' motion for continuance and denied both SICH's motion to strike expert designation and its motion for summary judgment, holding that the denial of summary judgment was "without prejudice to its being renewed at a later date." The trial court, in granting the motion for continuance, continued the trial "to a date to be determined" and gave the plaintiffs "until and including March 14, 2014,[1] in which to fully respond to all discovery submitted by the Defendant, and to supplement or designate experts." The trial court ruled that the Andersons "shall not take any further discovery in this case." Further, the trial court gave SICH "until April 18, 2014 to take additional discovery and to supplement its expert designations. The court then ordered the parties to confer and to "obtain a new trial date from the Court Administrator."

¶6.     SICH timely filed a petition for interlocutory appeal on April 14, 2014, which this Court granted on May 22, 2014. It raised the following issues:

I.      Whether the trial court erred by granting the Andersons' motion for continuance.

II.     Whether the trial court erred by denying SICH's motion to strike.

---

[1]The trial court signed this order on March 19, 2014, and the order was entered on March 24, 2014. It is true that the deadline set by the trial court for the Andersons' response to SICH's discovery requests and designation of their experts, March 14, 2014, preceded the entry of the trial court's order. However, during the February 14, 2014, hearing, the trial court *ore tenus* had granted the Andersons until March 14, 2014, "to respond and supplement whatever previous discovery questions may be out there, to designate or supplement designations of experts."

III.    Whether the Andersons' failure to file an expert affidavit in accordance with the original scheduling order resulted in an entitlement of SICH to summary judgment.

Each issue is addressed in turn.

## STANDARD OF REVIEW

¶7.    We review the trial court's grant of the Andersons' motion for continuance for abuse of discretion: "'[t]he granting of a continuance is largely a matter within the sound discretion of the trial court and unless manifest injustice appears to have resulted from a denial, this Court should not reverse.'" *Peden v. City of Gautier*, 870 So. 2d 1185, 1188 (Miss. 2004) (quoting *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1045 (Miss. 2001)). Further, "[a] trial court has an inherent right to control its docket and is afforded 'reasonable latitude' regarding the setting and continuance of cases." *Watts v. Pennington*, 598 So. 2d 1308, 1312 (Miss. 1992) (quoting *Liberty Savings & Loan Ass'n v. Mitchell*, 398 So. 2d 208, 210 (Miss. 1981)). With regard to the trial court's ruling on SICH's motion to strike, "the trial court has 'considerable discretion' in ruling on discovery matters, and . . . this Court will not reverse absent an abuse of discretion." *Douglas v. Burley*, 134 So. 3d 692, 697 (Miss. 2012) (quoting *Venton v. Beckham*, 845 So. 2d 676, 684 (Miss. 2003)).

¶8.    "When reviewing a trial court's grant or denial of summary judgment, this Court applies a de novo standard of review." *Anderson v. Alps Auto., Inc.*, 51 So. 3d 929, 931 (Miss. 2010) (citing *Crawford Logging, Inc. v. Estate of Irving*, 41 So. 3d 687, 689 (Miss. 2010)). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c).

## DISCUSSION

I. **Whether the trial court erred by granting the Andersons' motion for continuance.**

¶9. SICH argues that the trial court committed reversible error by granting the Andersons' motion for continuance because that court failed to recognize that the motion was a responsive filing under Mississippi Rule of Civil Procedure 56(f) to SICH's Rule 56(c) summary judgment motion.

¶10. Mississippi Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Miss. R. Civ. P. 56(f). But nothing in the record indicates that the Andersons' motion for continuance was filed pursuant to Rule 56(f), or that it was filed in response to SICH's motion for summary judgment. In fact, the motion for continuance attested that "[p]laintiff has in good faith engaged in significant discovery in the past six months, but that more discovery needs to be done *in order to prepare the case for trial*." (Emphasis added.)

¶11. This Court has held that "[a] trial court has the authority and indeed a duty to maintain control of the docket and ensure efficient disposal of court business." *Venton v. Beckham*, 845 So. 2d 676, 684 (Miss. 2003) (citing *Harris v. Fort Worth Steel & Mach. Co.*, 440 So. 2d 294, 296 (Miss. 1983)). That said, the trial court is "afforded 'reasonable latitude'

6

regarding the setting and continuance of cases." **Watts**, 598 So. 2d at 1312 (quoting **Mitchell**, 398 So. 2d at 210). In the context of a motion for continuance, this Court is to reverse only if "manifest injustice appears to have resulted from *a denial . . . .*" **Peden**, 870 So. 2d at 1188 (quoting **Morgan**, 786 So. 2d at 1045) (emphasis added).

¶12.    Despite the fact that "[t]he granting of a continuance is largely a matter within the sound discretion of the trial court," ***id.***, SICH claims to have been prejudiced by the continuance because "[t]he Andersons had an expert and were able to disclose his opinions two weeks before the hearing." But the trial court's order granting the continuance should have alleviated SICH's concerns, as it cut off the Andersons' ability to conduct discovery beyond the thirty-day extension. Additionally, the trial court provided more than a month for SICH, until April 18, 2014, "to take additional discovery and to supplement its expert designations."

¶13.    Furthermore, the dates-of-service certifications belie SICH's argument that the Andersons' motion for continuance was a Rule 56(f) motion. While the Andersons' motion for continuance was filed on February 5, 2014, and SICH's motion for summary judgment was filed that same day, SICH's motion for summary judgment was certified as having been served on the Andersons on February 4, 2014. Conversely, the Andersons' motion for continuance was certified as having been served on SICH on February 3, 2014. That same day, February 3, 2014, the Andersons served their expert designation. Therefore, the Andersons would not have had notice of SICH's motion for summary judgment until such

7

time as they had received service of it, which occurred one day following the service of the motion for continuance and the expert designation on SICH.

¶14. The trial court did not abuse its discretion in granting the Andersons' motion for continuance.

**II.  Whether the trial court erred by denying SICH's motion to strike.**

¶15. The Andersons concede that they did not comply with the original scheduling order in filing their expert designation. According to the scheduling order, the Andersons were to have their experts designated as of November 30, 2013. They did not file their expert designation until February 5, 2014, having served it on February 3, 2014. Sixty-five days elapsed from the time the expert designation was to have been filed until the date it was served on SICH. SICH posits that the denial of its motion to strike the Andersons' "65 day late unsworn expert disclosure" amounted to reversible error.

¶16. SICH analogizes the present case to *Douglas v. Burley*, in which this Court considered whether the trial court had erred in allowing a "belated and inadequate designation." *Douglas v. Burley*, 134 So. 3d 692, 697, 699 (Miss. 2012). In 2004, Burley had filed a wrongful death action for the deaths of his daughter and grandchildren against Yazoo Valley Electric Power Association (YVEPA). *Id.* at 693. More than six years later, in 2010, Burley sought to designate a new liability expert, which the trial court allowed. *Id.* at 694. On interlocutory appeal, this Court reversed and remanded for a trial absent the new liability expert's testimony, noting "two motions to compel . . . , Burley's withdrawal of his liability expert, the close of discovery, and four trial settings." *Id.* at 693-94. Recognizing that a

8

"'trial court has the authority and *indeed the duty* to maintain control of the docket and ensure the efficient disposal of court business,'" this Court opined that, "[w]e are unable to see how another continuance and the allowance of [Burley's new liability expert's] designation ensure the 'efficient disposal' of this case, especially in light of YVEPA's two prior motions to compel the same information." *Id.* at 699 (quoting *Venton*, 845 So. 2d at 684).

¶17.    In the present case, the Andersons were sixty-five days late in filing their expert designation. That starkly contrasts with the situation in *Douglas*, in which Burley, more than six years after filing a complaint, two motions to compel, close of discovery, and four trial settings, sought to designate a new liability expert. Here, SICH filed no motions to compel, and the trial setting from the initial scheduling order was moved to a date to be determined in the future.

¶18.    We cannot say that the trial court's denial of SICH's motion to strike compromised the "efficient disposal" of the present case, or that the trial court abused its discretion.

### III.    Whether the Andersons' failure to file an expert affidavit resulted in an entitlement of SICH to summary judgment.

¶19.    SICH argues that the Andersons' failure to present an affidavit by their expert, "establishing each of the elements" of their claims, rendered erroneous the Court's denial of summary judgment to SICH.

¶20.    The court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

9

a judgment as a matter of law." Miss. R. Civ. P. 56(c). "Summary judgment is mandated where the respondent has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" ***Kuiper v. Tarnabine***, 20 So. 3d 658, 661 (Miss. 2009) (quoting ***Smith v. Gilmore Mem'l Hosp., Inc.***, 952 So. 2d 177, 180 (Miss. 2007)).

¶21. The Andersons alleged medical malpractice:

> In order to establish a *prima facie* case of medical malpractice, a plaintiff must prove "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant."

***Cleveland v. Hamil***, 119 So. 3d 1020, 1023 (Miss. 2013) (quoting ***Hubbard v. Wansley***, 954 So. 2d 951, 956-57 (Miss. 2007)). In order "to establish the second and third prongs—that the defendant breached the applicable standard of care, and that the breach proximately caused plaintiff's injuries—the plaintiff must provide expert testimony." ***Id.*** (citing ***Hubbard***, 952 So. 2d at 957). In ***Kuiper***, this Court reversed the trial court's denial of summary judgment in a medical malpractice suit because "the plaintiffs failed to file any response and failed to provide any evidence, expert or otherwise, in support of their claims at the summary judgment hearing." ***Kuiper***, 20 So. 3d at 659.

¶22. But here, the trial court was faced with a motion for continuance, which the trial court, in the proper exercise of its discretion, granted. The February 14, 2014, hearing transcript reveals that, though the summary judgment motion was to be considered on that date, the content of the hearing consisted of argument regarding the motion for continuance. The trial

court made clear that its denial of summary judgment was "without prejudice to its being renewed at a later date . . . ." Because the trial court determined that issues had not sufficiently been fleshed out such that summary judgment to the defendants was warranted, we hold that the trial court did not err in denying SICH's motion for summary judgment.

## CONCLUSION

¶23. Finding that the trial court did not abuse its discretion in granting the Andersons' motion for continuance, that the trial court did not abuse its discretion in denying SICH's motion to strike the Andersons' expert designation, and that the trial court did not commit reversible error by denying summary judgment to SICH, we affirm the judgment of the Circuit Court of Sharkey County and remand the case for further proceedings.

¶24. **AFFIRMED AND REMANDED.**

**RANDOLPH, P.J., LAMAR AND KING, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, P.J., AND PIERCE, J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶25. Sharkey Issaquena Community Hospital filed a motion for summary judgment in the above-styled case, and the hospital set the motion for hearing. As of the day of the hearing, the Andersons had provided no responsive affidavits or other competent summary judgment proof, nor had the plaintiffs filed a request for a continuance pursuant to Mississippi Rule of Civil Procedure 56(f). Rule 56 and our caselaw mandated that the trial court enter summary judgment in favor of the hospital. Accordingly and with respect, I dissent.

11

¶26.  I begin with the wording of Mississippi Rule of Civil Procedure 56(c), which purports to govern summary judgment motion practice and provides, in pertinent part, as follows:

> The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought *shall be rendered* forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

(Emphasis added.)  By rule and precedent, summary judgment procedure in Mississippi centers upon "the time fixed for the hearing." *Id.*  The nonmoving party has only until the day before the hearing to serve opposing affidavits.  Miss. R. Civ. P. 56(c).  Most important for today's case, judgment "shall be rendered" if the nonmoving party fails to demonstrate that a triable issue of fact exists.  Also, our rules provide no means for the nonmoving party to obtain a continuance of the hearing absent a showing sufficient to satisfy Rule 56(f).  When the day of the hearing arrived, and the Andersons had failed either to provide competent summary judgment proof or to provide sufficient reasons, consistent with Rule 56(f), why they could not so respond, the law required entry of judgment in favor of the hospital.  *Smith v. Gilmore Mem'l Hosp., Inc.*, 962 So. 2d 177, 180 (¶9) (Miss. 2007) (quoting *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1214 (Miss.1996)). ("Summary judgment is mandated where the respondent has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")

¶27.  Quite simply, the Justice Kitchens misses the mark when he holds that the trial court did not abuse its discretion in granting the Andersons' motion for a continuance.  On

12

February 5, 2014, before the hospital even noticed its motion for summary judgment for hearing, the Andersons filed a motion asking the trial court to continue the trial and change the previously entered agreed scheduling order. Therein, the Andersons contended, "[T]hat more discovery needs to be done in order to prepare the case for trial." At the hearing on the motion for continuance, the Andersons' attorney provided no additional illumination on any need for discovery, saying to the trial judge, "[T]here is further discovery we could engage in, but we have already done some discovery." The Andersons wholly failed to provide any description of specific discovery needs, nor did their motion explain why they had failed to propound any written discovery requests upon the hospital or to seek to notice a single deposition since the hospital answered their complaint on July 25, 2013. Likewise, the Andersons failed to explain why they were unable to complete discovery in the time agreed upon by the parties in the agreed scheduling order. Indeed, as he granted the continuance, the trial judge *forbade* the Andersons from conducting any additional discovery.

¶28. In any event, the Andersons moved to continue the trial of the case, not the hearing on the hospital's motion for summary judgment. The Justice Kitchens acknowledges that no Rule 56(f) motion was filed, but then he affirms by ignoring the fact that a continuance of a summary judgment hearing is governed by a different rule of procedure and different caselaw than a continuance of a trial date.

¶29. Continuances of summary judgment hearings are governed by Mississippi Rule of Civil Procedure 56(f), which provides as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his

> opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Again, the Andersons never filed a Rule 56(f) motion – before or after the hospital noticed its motion for summary judgment for hearing. The Andersons never complied with the Rule 56(f) requirement to submit an affidavit containing the reasons they could not respond to the motion for summary judgment, although the absence of an affidavit may not be fatal to the request for a summary judgment hearing continuance "when the court concluded that the party opposing summary judgment had been diligent and had acted in good faith." *Owens v. Thome*, 759 So. 2d 1117, 1121 (¶17) (Miss. 1999). With or without an affidavit, the Andersons would have been required to provide more than a general, unspecific claim that additional discovery was needed, to get a continuance had they asked for it.

¶30. *Vicksburg Healthcare, LLC v. Dees*, 152 So. 3d 1171 (Miss. 2014), provides an accurate description of our law governing summary judgment practice and continuances of summary judgment hearings. Therein, the plaintiff, Clara Dees, filed a complaint against several defendants, alleging, among other things, medical negligence. *Id.* at 1172. After dismissal of some defendants following arbitration, *id.* at 1173 (¶4), defendant Vicksburg Healthcare filed a motion for summary judgment, citing Dees's failure to identify experts. *Id.* at 1173 (¶5). Like the Andersons in the case *sub judice*, Dees responded with an expert designation but no affidavit from her expert or any other witness. *Id.* at 1173 (¶5). The trial court denied the motion for summary judgment based on the expert designation and gave Dees additional time to obtain responsive affidavits. *Id.* at 1173 (¶6). The *Dees* Court

granted Vicksburg Health's petition for interlocutory appeal and, for reasons further discussed below, reversed the trial court. *Id.* at 1173 (¶ 7).

¶31.    After affirming the longstanding law that "a plaintiff's failure to provide expert testimony establishing a prima facie case of medical negligence generally *requires* a grant of summary judgment," *id.* at 1174 (¶11) (emphasis added), the ***Dees*** Court went on to explain why the trial court erred when it failed to grant Vicksburg Healthcare's motion for summary judgment and instead, like today's case, *sua sponte* granted a continuance of the summary judgment hearing.[2]  After quoting the text of Rule 56(f), as I do above, the ***Dees*** Court continued,

> This Court has established that, for the opposing party to be granted additional time, he or she must "present specific facts" explaining why the motion cannot be opposed at that time. ***Jones v. Mullen***, 100 So. 3d 490, 496 (Miss. Ct. App. 2012) (citing ***Owens v. Thomae***, 759 So. 2d 1117, 1120 (¶ 12) (Miss. 1999)). It also must be shown what actions have been taken to discover the information that is needed to defend the motion. ***Id.*** at 497.  If additional time is granted, it should be premised on the court's conclusion that ". . . the party opposing summary judgment [has] been diligent and [has] acted in good faith." ***Owens***, 759 So. 2d at 1121 (citations omitted).

***Dees***, 152 So. 3d at 1175 (¶ 13).  In the end, the ***Dees*** Court's next sentence applies equally well to the case before us today: "The record reveals no compliance with these requirements." ***Id.***  Like the ***Dees*** Court and for the reasons given above, I would hold that

---

[2]As I set forth above, the record in the instant case is clear – the Andersons never made a Rule 56(f) request for relief.  However, I anticipate that some might wish to give them the benefit of the doubt and argue that their motion to continue the trial sufficed as a Rule 56(f) motion, despite the specific requirements in Rule 56(f) itself and our caselaw for obtaining such relief.  However, *sua sponte* or not, the trial court granted the Andersons a continuance despite the complete absence of any Rule 56(f) showing, as demonstrated below.

the trial judge in the instant case abused his discretion in allowing the Andersons additional time to obtain affidavits.

¶32.     In the end, today's holding allows a trial court and dilatory parties to make an end run around the Rule 56(f) requirements.  According to today's holding, a party who has failed to conduct discovery for months can ignore Rule 56(f), appear on the day set for hearing on a motion for summary judgment, and via a motion for a continuance of a trial date, obtain a denial of a motion of summary judgment filed against him without a single scrap of competent summary judgment proof or a single, specific, identified need for further discovery to enable him to respond to the motion.  After today's case, Rule 56(f) and its requirement that the nonmoving party demonstrate actual reasons why he cannot respond to a motion for summary judgment no longer exist, as long as the nonmoving party files a motion to continue a trial date and makes a general claim that further discovery might be helpful or, given that the trial judge in the case *sub judice* forbade additional discovery, maybe not even that much is required.

   **WALLER, C.J., DICKINSON, P.J., AND PIERCE, J., JOIN THIS OPINION.**