# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-IA-00602-SCT

*HENDRICK K. KUIPER a/k/a HENDRICK K.*
*KUIPER AND RIVER REGION MEDICAL*
*CORPORATION d/b/a PARKVIEW REGIONAL*
*MEDICAL CENTER d/b/a RIVER REGION*
*MEDICAL CENTER d/b/a RIVER REGION*
*HEALTH SYSTEM*

*v.*

*JOSEPH TARNABINE AND MARGARET TINA*
*BRANAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2008 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | R. E. PARKER, JR. |
| | CLIFFORD C. WHITNEY, III |
| ATTORNEY FOR APPELLEE: | MARCIE TANNER SOUTHERLAND |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 10/29/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND PIERCE, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This appeal addresses whether the trial court erred in failing to grant summary judgment in favor of the defendants in a medical-malpractice action after the plaintiffs failed to file any response and failed to provide any evidence, expert or otherwise, in support of their claims at the summary judgment hearing.  Finding that the trial court erred by failing to grant the defendants' motion for summary judgment, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2.     On February 19, 2001, Martha Jones Tarnabine was admitted as a patient to Parkview Medical Center[1] where Dr. Hendrick Kuiper ("Kuiper") performed surgery to repair a hernia. After the surgery, she developed methicillin resistant staphylococcus aureus (MRSA). She continued to be treated by Dr. Kuiper.  Martha Tarnabine died on September 30, 2001.

¶3.     Her wrongful-death beneficiaries ("the Tarnabines") filed suit on December 31, 2001, against Dr. Kuiper, River Region Medical Foundation D/B/A River Medical Center, and John Does 1 through 5,  alleging medical malpractice.  The caption of the complaint named – "River Region Medical Corporation/Medical Foundation."  The summons contained a third name, "River Region Health Systems/Medical Foundation D/B/A River Region Center."

¶4.     The corporate names of the defendants are "River Region Medical Corporation," which managed the hospital, and "River Region Medical Foundation," which, according to the appellants, is a nonprofit charitable foundation having no ownership interest or management role in the hospital (these two entities hereinafter shall be collectively referred to as "River Region").

¶5.     On July 8, 2005, the River Region defendants filed via special appearance a motion to dismiss based on defective process and service of process.  On September 27, 2007, Kuiper and the River Region defendants filed a motion for summary judgment on the ground that, *inter alia*, the Tarnabines did not have any expert testimony to support their claims of medical negligence.  The Tarnabines did not file any response to the motion.  On December

_____

[1]The complaint incorrectly refers to the hospital as River Region Hospital.  Parkview Hospital has since closed and was owned by Vicksburg Healthcare, LLC, which was not named as a party to this suit.  River Region Medical Corporation managed the hospital.

7, 2007, a notice of hearing for the motion for summary judgment was served on the Tarnabines, which, due to inadvertence of the defendants' counsel, failed to list Kuiper as one of the parties bringing it.[2] A hearing on the motions (including Kuiper's motion) was held by the trial court on January 10, 2008, and the trial judge entered an order denying both motions. From that order, the defendants raise this interlocutory appeal.

## ISSUES RAISED

¶6. Kuiper and River Region raise the following issues on this appeal:

**I. Whether the trial judge erred by denying Dr. Kuiper and River Region's Motion for Summary Judgment.**

**II. Whether the trial judge erred by denying River Region's motion to dismiss based on defective process and service of process.**

An affirmative answer is required as to the first issue and, being dispositive of the case before us, renders any discussion of issue II unnecessary.

## ANALYSIS

### Summary Judgment

¶7. This Court applies a de novo standard of review to the trial court's grant or denial of a motion for summary judgment. *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 398 (Miss. 2006) (citing *Stuckey v. Provident Bank*, 912 So. 2d 859, 864 (Miss. 2005)). A motion for summary judgment "shall" be granted by a court "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is

---

[2]The notice stated, "Please take notice that the Motion to Dismiss and Motion for Summary Judgment by River Region Medical Corporation and River Region Medical Foundation, through undersigned counsel, will be brought on for hearing on the 10th day of January, 2008, at 11: a.m. in the Circuit Court of Warren County . . . ."

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). "Summary judgment is mandated where the respondent has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Smith ex rel. Smith v. Gilmore Memorial Hosp., Inc.*, 952 So. 2d 177, 180 (Miss. 2007) (quoting *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1214 (Miss. 1996)).

¶8.     To make out a prima facie case of medical malpractice, the plaintiff has the burden of establishing the following:

> the existence of a duty on the part of the physician to conform to the specific standard of conduct, the applicable standard of care, the failure to perform to that standard, that the breach of duty by the physician was the proximate cause of the plaintiff's injury, and that damages to plaintiff have resulted.

*Estate of Northrop v. Hutto*, 9 So. 3d 381, 384 (Miss. 2009) (quoting *Barner v. Gorman*, 605 So. 2d 805, 808-09 (Miss. 1992)). "The general rule is that the negligence of a physician may be established only by expert testimony." *Id.* (quoting *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1355 (Miss. 1990)). Accordingly, in a medical-malpractice action, expert testimony is generally required to survive summary judgment. *Smith*, 952 So. 2d at 180 (citing *Sheffield v. Goodwin*, 740 So. 2d 854, 856 (Miss. 1999)).

¶9.     The defendants argue that summary judgment in their favor was required in this case because the Tarnabines failed to provide any expert evidence, whether by affidavit or otherwise. The Court agrees.

¶10.    The Tarnabines wholly fail to address the defendants' argument regarding a lack of expert testimony. Rather, they argue that Kuiper is not entitled to summary judgment

4

because his name was not included in the notice for the hearing on the motion. The Tarnabines make no argument whatsoever as to why River Region is not entitled to summary judgment. Specifically, the Tarnabines argue that Mississippi Rule of Civil Procedure 56(c) requires that notice of a hearing on a motion for summary judgment be served ten days before that hearing, and because the notice of the hearing omitted Kuiper's name, the Tarnabines had no notice that the motion would be heard.

¶11. First, the Tarnabines are procedurally barred from raising the issue of lack of notice because they failed to raise it in the trial court. *Hearn v. State*, 3 So. 3d 722, 739 (Miss. 2008) (citations omitted).

¶12. Second, the Tarnabines misread Rule 56(c). The rule requires that "[t]he *motion* shall be served at least ten days before the time fixed for the hearing." Miss. R. Civ. P. 56(c) (emphasis added). In support of their argument, the Tarnabines cite *Jones v. Regency Toyota, Inc.*, 798 So. 2d 474 (Miss. 2001) and *Palmer v. Biloxi Regional Medical Center, Inc.*, 649 So. 2d 179 (Miss. 1994). Both cases involve situations in which summary judgment was granted fewer than ten days after the motion (not the notice of the hearing) was served on the opposing party and are thus distinguishable from this case. The motion itself, properly listing Kuiper as one of the parties bringing it, was served on the Tarnabines on September 27, 2007. As only one motion for summary judgment was filed in this case, it strains credibility for the Tarnabines to argue that, because Kuiper's name was inadvertently omitted from the notice, they "could not be expected defend Dr. Kuiper's Motion for Summary Judgment when they had no notice that the motion was to be heard." This is particularly so in this case, as the Tarnabines clearly were on notice that they would be

5

required to defend River Region's motion for summary judgment, and they failed to do so. The Tarnabines' argument that they lacked notice that Kuiper's motion for summary judgment would be heard at the January 10, 2008, hearing is without merit.

¶13. Because the Tarnabines failed to provide any evidence, expert or otherwise, in response to the defendants' motion for summary judgment, it was error for the trial court to deny it. Therefore, the trial court's order denying summary judgment in favor of the defendants is reversed and rendered.

¶14. **REVERSED AND RENDERED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**