IRVING, J., for the Court:
 

 ¶ 1. This appeal arises out of a contract between MAO, Inc., a business owned by Marvin A. Ornstein, and New Wave Limited, a dissolved corporation that was owned by Peter Schiff. Schiff sued Ornstein and MAO in the Jackson County Circuit Court, alleging fraud. MAO filed a motion for summary judgment, which Ornstein later joined. After a hearing, the circuit court granted the motion, finding that Schiff did not have standing to pursue his complaint, as the contract at issue had been made solely between MAO and New Wave Limited. Feeling aggrieved, Schiff appeals and asserts that the circuit court erred in granting summary judgment because genuine issues of material fact exist sufficient to overcome summary judgment.
 

 ¶ 2. Finding no error, we affirm the judgment of the circuit court.
 

 
 *651
 
 FACTS
 

 ¶ 3. In 1994, New Wave Limited invested three hundred thousand dollars, which allegedly came from Schiff, in a casino investment that had been proposed to Schiff by Ornstein. According to Schiff, he created New Wave Limited, at Orn-stein’s urging, to handle the three-hundred-thousand-dollar transaction. New Wave Limited was incorporated under the sovereignty of the Caribbean island nation of Nevis. Thereafter, New Wave Limited and MAO entered into a contract for the exchange of the three hundred thousand dollars.
 

 ¶ 4. Apparently the casino investment did not come to fruition, and Schiff s three hundred thousand dollars were never returned to him. On December 12, 1996, New Wave Limited was dissolved by Nevis for nonpayment of fees. Apparently, no action was ever taken by Schiff to revive the corporation.
 

 ¶ 5. On August 11, 2005, Schiff and New Wave Limited filed a complaint against Ornstein and MAO, alleging that Ornstein and MAO had defrauded Schiff out of the three hundred thousand dollars. The circuit court granted MAO and Ornstein’s motion for summary judgment on April 17, 2009.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 6. Our appellate standard of review for motions of summary judgment is well established:
 

 [An appellate court] applies a de novo standard of review to [a] trial court’s grant or denial of a motion for summary judgment.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398 [(15)] (Miss.2006) (citing
 
 Stuckey v. Provident Bank,
 
 912 So.2d 859, 864 [ (80) ] (Miss.2005)). A motion for summary judgment “shall” be granted by a court “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). “Summary judgment is mandated where the respondent has failed ‘to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.’ ”
 
 Smith ex rel. Smith v. Gilmore Memorial Hosp., Inc.,
 
 952 So.2d 177, 180 [ (9) ] (Miss.2007) (quoting
 
 Wilbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1214 (Miss.1996)).
 

 Kuiper v. Tarnabine,
 
 20 So.3d 658, 660-61(7) (Miss.2009).
 

 ¶ 7. In granting MAO and Ornstein’s motion for summary judgment, the circuit court found as follows:
 

 This action originated as an agreement between MAO, Ornstein[,] and New Wave for the development of a casino in St. Louis, Missouri. New Wave invested $300,000.00 with MAO and Ornstein pursuant to the agreement. The terms of the agreement are not at issue. The plaintiffs sued for nonpayment under the agreement. The issue before the [c]ourt based on the Motion filed is whether or not there either [sic] plaintiff named above is a proper plaintiff here to maintain this action.
 

 New Wave is a corporation formed under the laws of the country of Nevis. Schiff is the sole owner of the corporation, and he is the sole shareholder, officer[,] and director. The agreement in this matter was executed by Schiff is [sic] his representative capacity as the president of the corporation. For the other parties[,] the agreement was executed by Ornstein in his representative capacity for MAO and individually.
 

 
 *652
 
 There is absolutely no dispute in the evidence that Schiff did not execute the agreement in his individual capacity. The only argument Schiff offers in support of his being a proper plaintiff is that the $800,000.00 paid by New Wave actually came from him personally. While money may have been provided by Schiff, the agreement which is the subject of this lawsuit was executed by a corporate entity which is the only proper party to initiate a suit.
 
 Durham v. University of Mississippi,
 
 966 So.2d 832 (Miss.Ct.App.2007). There has been no authority cited in support of the argument set forth by the plaintiff.
 

 As for the corporate plaintiff, the evidence before the Court is that New Wave was begun as a corporation under the laws of Nevis in 1994. As of December 1996[,] New Wave was removed from the register because [it] failed to pay required fees. Nevis Business Corporation Ordinance § 99(1). Under the laws of Nevis[,] New Wave had three years within which to be restored to the register.
 
 [Id.]
 
 § 99(3). If not restored to the register within those three years, the corporation is deemed to have dissolved and begun to wind up its affairs.
 
 [Id.]
 
 § 99(6). A corporation is allowed to keep its corporate identity for a period of three years after dissolution to settle its affairs, including prosecuting or defending suits.
 
 [Id.]
 
 § 100(1).
 

 New [W]ave was removed from the register in December 1996. It was not restored within three years. Beginning in December 1999[,] New Wave had three years to wind up its affairs. Therefore, after December 2002[,] New Wave ceased to have a corporate identity for the purpose of pursuing a new action. The plaintiff cites to Nevis Business Corporation Ordinance § 100(2) for the proposition that Schiff is the trustee for the corporation with all rights and powers to pursue any right of action on behalf of the corporation. As a general proposition the plaintiff is correct. However, pursuant to the first part of that ordinance, those rights of action must be begun within three years of the dissolution of the corporation. As set forth above, December 2002 is the latest New Wave or even Schiff on behalf of New Wave as its trustee could have filed the instant action to recover under the agreement it executed with MAO and Ornstein.
 

 Based upon the evidence before the [c]ourt[,] neither of the named plaintiffs in this action is a proper party to institute and maintain this cause of action. The evidence before the [c]ourt is not in dispute as to this particular issue. The agreement was executed on behalf of the corporation and not individually, and the corporation was no longer a viable entity at the time of the filing of the action.
 

 ¶ 8. Having reviewed the record before us, this Court agrees with the conclusions reached by the circuit court. Schiff was never a party to the agreement that forms the basis of his fraud claim. We fail to see how this situation is substantially different from that in
 
 Bruno v. Southeastern Services, Inc.,
 
 385 So.2d 620, 620-23 (Miss.1980), wherein our supreme court held that an individual shareholder can bring suit only if there is a breach of a duty that is owed to the shareholder personally. Neither MAO nor Ornstein owed any such duty to Schiff personally. Therefore, the only party that could possibly sustain a cause of action against MAO or Ornstein is New Wave Limited.
 

 ¶ 9. New Wave Limited was dissolved in December 1996 due to nonpayment of fees. In its opinion, the circuit court found that the corporation or Schiff had six years from that date to file suit
 
 *653
 
 against Ornstein or MAO. Section 99(3) of the Nevis corporate statute states that: “A corporation which is removed from the register [due to nonpayment of fees] may be restored to the register within three years of the date of removal upon payment to the Registrar of the prescribed fee.” Section 99(6) further states that: “A corporation which is not restored to the register within three years of the date of removal shall be deemed to have commenced to wind up and dissolve in accordance with this part.” It is unclear to this Court whether section 99(6) should be interpreted to mean that dissolution is deemed to have commenced when a corporation is removed from the register or whether the section means that dissolution commences three years after a corporation is removed from the register. Regardless, even if the more generous six-year term is accepted, New Wave Limited had dissolved and had no ability to file suit as of December 2002. Schiff filed suit against MAO and Ornstein in 2005, nine years after New Wave Limited was dissolved.
 

 ¶ 10. During argument before the circuit court, Schiff contended that under section 100(2) of the Nevis corporate statute, directors of a corporation may file lawsuits and do other acts “that may be necessary for the final settlement of the unfinished business of the corporation.” Schiff essentially contended that this section gives him power in perpetuity to file lawsuits on behalf of New Wave Limited. We agree with the circuit court that section 100(2) must be read in tandem with section 100(1), which clearly allows only three years after the dissolution of a corporation to file suits on behalf of the corporation. Section 100(2) merely explains
 
 who
 
 may act during those three years.
 

 ¶ 11. Accordingly, the circuit court was correct in finding that neither Schiff nor New Wave Limited was a proper party to the lawsuit against MAO and Ornstein. Schiff was not a party to the contract giving rise to the alleged fraud claim, and the time period had long since passed when a lawsuit could have been legitimately filed by New Wave Limited.
 

 ¶ 12. Therefore, we affirm the judgment of the circuit court.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.