# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-00181-SCT

*VICKSBURG HEALTHCARE, LLC d/b/a RIVER
REGION HEALTH SYSTEM*

*v.*

*CLARA DEES*

DATE OF JUDGMENT:               01/22/2013
TRIAL JUDGE:                   HON. ISADORE W. PATRICK, JR.
TRIAL COURT ATTORNEYS:      MICHAEL E. WINFIELD
                                    CLIFFORD C. WHITNEY, III
COURT FROM WHICH APPEALED: WARREN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    CLIFFORD C. WHITNEY, III
                                      R. E. PARKER, JR.
ATTORNEY FOR APPELLEE:      MICHAEL ELIAS WINFIELD
NATURE OF THE CASE:          CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                   REVERSED AND RENDERED - 12/11/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    In October 2010, Clara Dees filed a complaint in the Circuit Court of Warren County,

Mississippi, alleging medical negligence, *inter alia*, against Heritage House Nursing Home

and its employees and against River Region Medical Center and its employees.[1] River

Region is owned by Vicksburg Healthcare, LLC. Dees also filed, with her complaint, a

_____

[1]It is unclear from Dees's complaint whether the alleged medical negligence occurred
sometime after October 20, 2008, or sometime after October 20, 2009, as both dates are
stated in the complaint.

certificate of consultation. *See* Miss. Code Ann. § 11-1-58 (Rev. 2014).[2] Dees filed an amended complaint in January 2011, also accompanied by a certificate. No summonses were issued until after February 16, 2011, the same date Dees moved the court for an enlargement of time, which was granted. Dees issued a number of summonses from February 22 to March 3, 2011.

¶2.   In May 2011, an agreed order staying the proceedings and compelling binding arbitration was entered concerning defendants Heritage House Nursing Home and its employees. Vicksburg Healthcare[3] moved to set aside the order allowing additional time to serve process. Vicksburg Healthcare also moved to dismiss and, alternatively, moved for summary judgment, while also asserting its affirmative defenses and answering the amended complaint.

---

[2](1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:

> (a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action. . . .

Miss. Code Ann. § 11-1-58(1)(a) (Rev. 2014).

[3]"Vicksburg Healthcare" encompasses all claims against Vicksburg Healthcare, LLC, which includes River Region Health System and its employees.

¶3. In February 2012, Heritage House Nursing Home filed its motion to confirm the arbitrator's ruling. The arbitrator's findings provided that Dees's counsel, Michael Elias Winfield, was successfully served a copy of Defendants' motions. Dees failed to submit a response, which was to be submitted by February 17, 2011. Dees also failed to request additional time in which to respond, and did not request a continuance of the scheduled hearing. The arbitrator found, in part, the following:

> Claimant has designated no expert to identify and articulate the requisite standard that was not complied with and no expert to establish that said failure was the proximate cause, or a proximate contributing cause, of claimants alleged injuries. In this liability case, expert testimony is required for the plaintiff to prevail . . . . In Summary, absent expert testimony, claimant cannot make out a prima facie case of negligence. . . . Claimant has wholly failed to respond to any discovery, propounded no discovery and failed to comply with the prior orders.[4] Claimant had requested no extension of time and has abandoned her claim.

¶4. By order dated April 2012, the circuit court confirmed the decision of the arbitrator, dismissing with prejudice all claims against Heritage House Nursing Home and its employees. Subsequently, a notice of service of discovery requests was filed by Vicksburg Healthcare in September of 2012. On December 13, 2012, Vicksburg Healthcare filed a motion to compel discovery and for sanctions.

¶5. On December 18, 2012, Vicksburg Healthcare filed anew a motion for summary judgment on the basis that Dees had failed to designate any expert witness and had failed to

---

[4]The arbitrator's findings state that Dees failed to designate an expert within the time provided by the August 2011 Administrative Case Management Order and the January 2012 Interim Management Order. The record does not contain the stated orders.

provide expert-witness testimony to establish a prima facie case in support of her claim. Dees responded, designating Dr. Inna Sheyner as her expert witness and requesting that the motion for summary judgment be denied. No affidavit signed by Sheyner, or any other expert, was attached.

¶6. The motion for summary judgment was heard by the circuit court in January 2013. The circuit court denied the motion based on Dees's designation. The circuit court granted Dees an additional sixty days in which to provide a sworn affidavit of the expert's testimony. The circuit court provided that Vicksburg Healthcare could renew its motion for summary judgment once the expert opinion had been submitted.

¶7. Thereafter, Vicksburg Healthcare petitioned this Court for interlocutory appeal, raising the following issues:

> I. Whether the trial court erred in denying summary judgment in a medical malpractice case, where the plaintiff failed to provide any expert opinions under oath to establish the elements of her claim; and
>
> II. Whether the trial court erred in ruling at the hearing that plaintiff could have sixty days to produce an expert affidavit, despite Plaintiff's complete failure to comply with the requirements of Rule 56(f) for obtaining a continuance.

## STANDARD OF REVIEW

¶8. This Court will review the circuit court's denial of Defendants' motion for summary judgment under a de novo standard. ***Estate of Northrop v. Hutto***, 9 So. 3d 381, 384 (Miss. 2009) (citing ***Wilner v. White***, 929 So. 2d 315, 318 (Miss. 2006)). All evidence will be viewed in the light most favorable to the nonmoving party. ***Estate of Northrop***, 9 So. 3d at

4

384 (citing ***Daniels v. GNB, Inc.***, 629 So. 2d 595, 599 (Miss. 1993)). If no genuine issue of material fact exists to be resolved, then summary judgment shall be granted, as a matter of law, in favor of the movant. ***Neely v. North Miss. Med. Ctr., Inc.***, 996 So. 2d 726, 728-29 (Miss. 2008) (citing ***Heigle v. Heigle***, 771 So. 2d 341, 345 (Miss. 2000)).

## ANALYSIS

¶9.    Vicksburg Healthcare argues that Mississippi law has established that expert testimony is required to survive summary judgment in a medical negligence case. This Court has consistently held that in cases involving claims of medical malpractice, the plaintiff must prove the following elements in order to establish a prima facie case:

> (1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant.

***Crosthwait v. Southern Health Corp. of Houston, Inc.***, 94 So. 3d 1070, 1073 (Miss. 2012) (citations omitted). Additionally, the plaintiff must prove that damages have resulted from the plaintiff's injury. ***Kuiper v. Tarnabine***, 20 So. 3d 658, 661 (Miss. 2009) (citing ***Estate of Northrop***, 9 So. 3d at 384) (citations omitted).

¶10.    In medical malpractice cases, expert testimony is essential to proving that a prima facie case exists, because the expert's testimony demonstrates how the required standard of care was disregarded, and the testimony certifies that the defendant's "failure was the proximate cause, or proximate contributing cause" of the injury. ***Crosthwait***, 94 So. 3d at 1073 (quoting ***Hubbard v. Wansley***, 954 So. 2d 951, 957 (Miss. 2007)).

5

¶11. Further, this Court has been consistent in finding that a plaintiff's failure to provide expert testimony establishing a prima facie case of medical negligence generally requires a grant of summary judgment. *Kuiper*, 20 So. 3d at 661. *See also Crosthwait*, 94 So. 3d at 1074; *Smith ex rel. Smith v. Gilmore Mem'l Hosp.*, 952 So. 2d 177, 180 (Miss. 2007); *Neely*, 996 So. 2d at 729; *Sheffield v. Goodwin*, 740 So. 2d 854, 856 (Miss. 1999); *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996); *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 797 (Miss. 1995).

¶12. Mississippi Rule of Civil Procedure 56(c) provides that the "adverse party" has until the day before a summary judgment hearing to serve opposing affidavits. Dees did not file any opposing affidavits or otherwise defend against the summary judgment motion. This Court has stated, "[s]ummary judgment is mandated where the respondent has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Kuiper v. Tarnabine*, 20 So. 3d at 661 (citing *Smith*, 952 So. 2d at 180 (quoting *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1214 (Miss. 1996)).

¶13. Here, the trial court *sua sponte* granted Dees additional time, although no affidavit was filed. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Miss. R. Civ. P. 56(f). This Court has established that, for the opposing party to be granted

6

additional time, he or she must "present specific facts" explaining why the motion cannot be opposed at that time. *Jones v. Mullen*, 100 So. 3d 490, 496 (Miss. Ct. App. 2012) (citing *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶ 12) (Miss. 1999)). It also must be shown what actions have been taken to discover the information that is needed to defend the motion. *Id*. at 497. If additional time is granted, it should be premised on the court's conclusion that ". . . the party opposing summary judgment [has] been diligent and [has] acted in good faith." *Owens*, 759 So. 2d at 1121 (citations omitted). The record reveals no compliance with these requirements.

¶14. The trial-court judgment will be reversed on a decision to grant additional time if abuse of discretion is found. *Owens*, 759 So. 2d at 1120. In this case, the trial court abused its discretion by giving Dees additional time to obtain an affidavit. A review of the record exhibits that Dees was not diligent in her efforts to oppose the summary judgment motion. The trial court previously had dismissed all claims with prejudice against all other defendants for Dees's failure to comply with discovery demands, her failure to designate an expert, and her failure to establish a *prima facie* case of medical negligence.

¶15. Thereafter, the record shows that Dees also failed to comply with discovery demands concerning the litigation between Dees and Vicksburg Healthcare, thus resulting in a motion to compel discovery and for sanctions, followed by a motion for summary judgment. Dees did not obtain any affidavits, or otherwise, to oppose the motion for summary judgment and failed to give any reasons to support her argument that additional time should be granted. Although Dees had submitted a certificate of consultation with both the original complaint

7

and the amended complaint years before the hearing and argued at the hearing that she had obtained the opinion prior to filing suit, she nonetheless failed to bring forth any opinion by affidavit or otherwise, at any time before the hearing.

¶16. The record is clear that the trial court erred in not granting Vicksburg Healthcare's motion for summary judgment. Without expert testimony establishing a prima facie case of medical negligence, no genuine issue of material fact exists. *Neely*, 996 So. 2d at 729.

## CONCLUSION

¶17. The law of this state mandates a grant of summary judgment in favor of Vicksburg Healthcare, and the circuit court's failure to grant such motion was error. Further, the circuit court abused its discretion by granting Dees additional time to obtain an affidavit. Accordingly, the judgment of the Circuit Court of Warren County is reversed, and we render the judgment for the defendants.

¶18. **REVERSED AND RENDERED**.

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**