# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00445-SCT

*LAKELAND PREMIER WOMEN'S CLINIC, PLLC*
*AND NATASHA N. HARDEMAN, M.D.*

*v.*

*LAKISHA JACKSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/2024 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| TRIAL COURT ATTORNEYS: | DAMON RAMON STEVENSON |
| | WHITMAN B. JOHNSON, III |
| | SHANETRIC TOWNSEND |
| | R. MARK HODGES |
| | KIMBERLY NELSON HOWLAND |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WHITMAN B. JOHNSON, III |
| | SHANETRIC TOWNSEND |
| ATTORNEY FOR APPELLEE: | DAMON RAMON STEVENSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 10/30/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., GRIFFIS AND BRANNING, JJ.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1.     Latisha Jackson sustained a perforated bowel during surgery, and in April 2023, she filed a complaint for medical negligence in the Hinds County Circuit Court. In September 2023, Defendants, Lakeland Premier Women's Clinic and Dr. Natasha Hardeman (collectively, "Lakeland Premier"), filed a motion for summary judgment, which was noticed for hearing on March 26, 2024. Jackson filed her response to the motion the day of hearing, but her response did not include an expert medical affidavit or testimony. The trial court

denied Lakeland Premier's summary-judgment motion, but it also reset a second hearing on the motion, allowing Jackson an additional thirty days to obtain an expert medical affidavit. Lakeland Premier then filed its petition for interlocutory appeal before this Court. After thorough review, we reverse the trial court's decision and render summary judgment in favor of Lakeland Premier.

## FACTS AND PROCEDURAL HISTORY

¶2. On December 14, 2021, Dr. Hardeman performed a laparoscopic bilateral tubal ligation and endometrial ablation surgery on Jackson at Lakeland Premier Women's Clinic. She was released to go home the same day. Around December 21, 2021, however, Jackson presented to St. Dominic's emergency room with severe abdominal pain and nausea. She was immediately admitted to St. Dominic's ICU for sepsis. After a CT scan showed a possible perforation, Jackson had an exploratory surgery that revealed a perforated distall small bowel. Dr. Kevin Chandler performed the necessary corrective surgery, and Jackson recovered.

¶3. On April 13, 2023, Jackson filed a complaint for medical negligence in the Hinds County Circuit Court against Lakeland Premier.[1] Jackson attached the statutorily required certificate of expert consultation to her complaint.[2] On September 13, 2023, Lakeland

---

[1] Jackson's original complaint was filed against Lakeland Premier, Dr. Hardeman, and also Surgicare of Jackson, but the record reflects that the circuit court granted summary judgment in favor of Surgicare in April 2024.

[2] Mississippi Code Section 11-1-58(1)(a) (Rev. 2019) states:

Premier filed a motion for summary judgment with supporting documentation and an expert medical affidavit by Dr. D. Kyle Ball. In its motion, Lakeland Premier argued that, under to Mississippi Rule of Civil Procedure 56, "no genuine issues of material fact [existed] that would suggest that [Lakeland Premier and Dr. Hardeman] breached the standard of care."

¶4. On February 6, 2024, Lakeland Premier filed a notice of hearing on the summary-judgment motion, setting the hearing for March 26, 2024. At this point, Jackson had not filed any response or affidavits to oppose the motion. On March 25, 2024, Jackson filed her response to the motion, but she did not attach any affidavits to her response.

¶5. The parties do not dispute that the trial court conducted some form of hearing on March 26, 2024, but no transcript from that date exists in the record provided to this Court.[3]

---

(1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:

(a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action . . . .

[3]The trial-court docket references the transcript from the second scheduled hearing, held on May 1, 2024, but the docket contains no such reference to a transcript from March 26, 2024.

The following day, however, the circuit court issued an order denying Lakeland Premier's motion for summary judgment and also resetting a hearing for the motion for April 29, 2024. This order did not provide reasoning for the denial, nor did it provide any factual basis for the continuance. Lakeland Premier subsequently filed a petition for interlocutory appeal and to stay trial court proceedings, which this Court granted on July 3, 2024.

¶6.     On April 16, 2024, Jackson filed an amended response to Lakeland Premier's motion for summary judgment, which included an expert medical affidavit from Dr. John P. Brennan. The next activity in this case, however, occurred on May 1, 2024, when the circuit court conducted the second hearing on Lakeland Premier's motion for summary judgment. At this hearing, the trial judge stated that, "[i]nitially, this case was before the court [on] March 26th of 2024.  At that time I gave [Jackson's counsel an additional] 30 days to respond to [the motion for summary judgment] and get an affidavit."  Following the hearing, the circuit court issued an order denying Lakeland Premier's motion for summary judgment, reasoning that Dr. Brennan's expert testimony demonstrated a genuine issue of material fact because it conflicted with Lakeland Premier's expert affidavit.

¶7.     On appeal, Lakeland Premier asserts that the circuit court erroneously denied the motion for summary judgment because Jackson failed to provide expert medical testimony as required by Mississippi law.  After review, find that the trial court abused its discretion by granting Jackson additional time to obtain her expert affidavit.  We, therefore, reverse and render judgment in favor of Lakeland Premier.

4

**STANDARD OF REVIEW**

¶8.     "This Court will review the circuit court's denial of Defendants' motion for summary judgment under a de novo standard[,]" viewing the evidence in the light most favorable to the nonmovant. *Vicksburg Healthcare, LLC v. Dees*, 152 So. 3d 1171, 1173-74 (Miss. 2014) (citing *Est. of Northrop v. Hutto*, 9 So. 3d 381, 384 (Miss. 2009)). "If no genuine issue of material fact exists to be resolved, then summary judgment shall be granted, as a matter of law, in favor of the movant." *Id.* at 1174 (citing *Neely v. N. Miss. Med. Ctr., Inc.*, 996 So. 2d 726, 728-29 (Miss. 2008)). In addition, this Court has held that an abuse-of-discretion standard applies to a trial court's decision to grant additional time under Rule 56(f) of the Mississippi Rules of Civil Procedure. *Id.*

**DISCUSSION**

¶9.     The Mississippi Rules of Civil Procedure allow any "party against whom a claim . . . is asserted . . . , at any time, [to] move with or without supporting affidavits for summary judgment . . . ." Miss. R. Civ. P. 56(b). In medical-malpractice cases, however, the plaintiff carries the burden of *production* in response to a motion for summary judgment. *Johnson v. Pace*, 122 So. 3d 66, 68 (Miss. 2013) (citing *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990)). More specifically, to survive summary judgment in medical-malpractice cases, plaintiffs are required to produce expert testimony in order to establish a prima facie case. *Dees*, 152 So. 3d at 1174. This Court requires medical-malpractice plaintiffs to prove the following elements:

5

(1)     the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury;

(2)      a failure to conform to the required standard; and

(3)     an injury to the plaintiff proximately caused by the breach of such duty by the defendant.

*Id.* (quoting *Crosthwait v. S. Health Corp. of Houston, Inc.*, 94 So.3d 1070, 1073 (Miss. 2012)).  There must also be proof of damages resulting from the plaintiff's injury.  *Id.* (citing *Kuiper v. Tarnabine*, 20 So. 3d 658, 661 (Miss. 2009)).  Expert testimony is *essential* to establish these elements, and without it, summary judgment generally must be granted. *Id.*

¶10.    While Mississippi Rule of Civil Procedure 56(c)  requires the moving party to serve a copy of its motion for summary judgment "at least ten days before the time fixed for the hearing[,]" the rule states that the nonmoving party may serve opposing *affidavits* at any time "prior to the day of the hearing[.]" Miss. R. Civ. P 56(c) (emphasis added).

¶11.    In the present case, Lakeland Premier filed its motion for summary judgment on September 13, 2023.  On March 25, 2024, the day before the hearing on the motion and approximately 194 days later, Jackson filed a *response* to the motion, that did not contain an expert affidavit.  While Rule 56(c) allows the nonmoving party to serve *opposing affidavits* as late as the day before the hearing, the rule does not include a deadline for the opposing party's response.  But Jackson's response was filed "well outside [of] the ten days allotted by the Uniform Civil Rule of Circuit and County Court Practice 4.02" a factor this Court has previously considered on appeal.  *Thomas v. Bolivar Cnty.*, 404 So. 3d 1136, 1141 (Miss.

6

2023).[4]

¶12.    Additionally, Jackson's response filed on March 25, 2024, was void of substance by only including a general assertion of deficiency in "the medical records provided" and a request for the circuit court to deny summary judgment and to "allow the parties to complete discovery."  And Jackson did not call an expert to testify on her behalf at the hearing.  This Court has held that such a response to summary judgment in the medical-malpractice context is insufficient because the plaintiff must produce sworn expert testimony to survive summary judgment.  *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 523-24 (Miss. 2019) (citing *Hubbard v. Wansley*, 954 So. 2d 951, 957 (Miss. 2007)).  Further, Mississippi Rule of Civil Procedure 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him.

¶13.    To further illustrate, in *Lindsey v. Butts*, 382 So. 3d 1140, 1150 (Miss. 2024), this Court reversed the trial court's denial of summary judgment due to the plaintiff's lack of an expert affidavit or testimony.  The Court held that "[w]hen a plaintiff fails to provide expert

---

[4] In *Williams v. City of Batesville*, 313 So. 3d 479, 486 (Miss. 2021) (citing *Est. of Jackson v. Miss. Life Ins. Co.*,755 So. 2d 15, 22 (Miss. Ct. App. 1999)), this Court pointed out that certain Rule 4.02 requirements are not requirements under Rule 56 governing summary judgment and held that "Rule 4.02 is for the benefit of the trial judge." But we reference this Court's discussion in *Thomas* to highlight the fact that this Court still acknowledges the importance of this rule on appellate review.

testimony establishing a prima facie case of medical malpractice, a grant of summary judgment is required. *Id* at 1149 (alteration in original) (internal quotation marks omitted) (quoting *Claiborne Cnty. Hosp. v. Truitt*, 335 So. 3d 562, 566 (Miss. 2022)).

¶14.     Additionally, in *Dees*, the plaintiff filed a medical-negligence suit against Vicksburg Healthcare, LLC, and attached her certificate of consultation to the complaint. 152 So. 3d at 1172. Thereafter, Vicksburg Healthcare moved for summary judgment "on the basis that [the plaintiff] had failed to designate any expert witness and had failed to provide expert-witness testimony to establish a prima facie case in support of her claim." *Id.* at 1173. The plaintiff responded to Vicksburg Healthcare's motion and designated a specific expert witness, but she failed to attach any affidavits, from her designated expert or otherwise, to her response. *Id.* At the motion hearing, the circuit court denied summary judgment and *sua sponte* granted the plaintiff additional time to provide an expert-witness affidavit. *Id.* "The circuit court [also] provided that Vicksburg Healthcare could renew its motion for summary judgment once the expert opinion had been submitted." *Id.* On interlocutory appeal, this Court reversed the circuit court's decision, citing both Rule 56(c) and Rule 56(f). *Id.* at 1174-75. Regarding Rule 56(c), the Court stated:

> Mississippi Rule of Civil Procedure 56(c) provides that the adverse party has until the day before a summary judgment hearing to serve opposing affidavits. Dees did not file any opposing affidavits or otherwise defend against the summary judgment motion. This Court has stated that summary judgment is mandated where the respondent has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

8

*Id.* (citation modified).

¶15.    But the ***Dees*** Court went on to discuss the circuit court's error under Rule 56(f). ***Id.***
The Court noted that, while it reviews a trial court's summary judgment decision de novo, the Court applies an abuse-of-discretion standard to a trial court's decision to grant additional time under Rule 56(f). ***Id.*** at 1175. The Court specifically highlighted that "the trial court *sua sponte* granted [the plaintiff] additional time, although no affidavit was filed." ***Id.*** at 1174. The Court further stated:

> This Court has established that, for the opposing party to be granted additional time, he or she *must present specific facts explaining why the motion cannot be opposed at that time.* It also *must be shown what actions have been taken to discover the information that is needed to defend the motion.* If additional time is granted, it should be premised on the court's conclusion that the party opposing summary judgment has been diligent and has acted in good faith. The record here reveals no compliance with these requirements.

*Id.* (emphasis added) (citation modified). A unanimous Court found that the circuit court had abused its discretion by granting the plaintiff additional time to obtain her expert affidavit. *Id.* "[The plaintiff] did not obtain any affidavits, or otherwise, to oppose the motion for summary judgment and failed to give any reasons to support her argument that additional time should be granted[,]" even though she had filed a certificate of consultation with her complaint. *Id.* The Court concluded that "[t]he law of this state mandates a grant of summary judgment in favor of Vicksburg Healthcare, and the circuit court's failure to grant such motion was error." *Id.* The Court further held that the circuit court had abused its discretion by *sua sponte* granting the plaintiff additional time under Rule 56(f). *Id.*

9

¶16. We find that the ***Dees*** Court's reasoning applies to the present case. As stated, Jackson filed a certificate of consultation along with the complaint almost a year before but failed to bring forth any expert testimony by affidavit or otherwise prior to the summary-judgment hearing in March. At the March 25, 2024 hearing, however, the circuit court denied summary judgment and *sua sponte* gave Jackson an additional thirty days within which to obtain her expert-witness affidavit. Jackson concedes this fact in her brief. The circuit court granted Jackson additional time without any findings that Jackson had met the requirements under Rule 56(f) or that she had acted with diligence and good faith in attempting to obtain expert affidavit. Then, the circuit court denied summary judgment a second time on May 1, 2024, based on the expert affidavit Jackson obtained afterward.

¶17. As in ***Dees***, 152 So. 3d at 1174, today we emphasize the importance of sworn expert testimony to establish a prima facie case of medical negligence. Failure to provide such expert testimony "generally requires a grant of summary judgment." ***Id.*** (citing ***Kuiper***, 20 So. 3d at 661) Also, in order for the opposing party to be afforded additional time under Rule 56(f), he or she must present specific facts to the trial court and show what actions have been taken to obtain the necessary information; if the trial court finds that the opposing party "[has] been diligent and [has] acted in good faith, additional time may be granted." ***Id.*** at 1175 (alterations in original) (internal quotation marks omitted) (quoting ***Owens v. Thomae***, 759 So. 2d 1117, 1120 (Miss. 1999)). Anything less is an abuse of discretion.

¶18. Therefore, we find that the circuit court erred by failing to grant summary judgment

in favor of Lakeland Premier at the March 25, 2024 hearing when no genuine issue of material fact existed without an expert affidavit. In addition, we find that the circuit court abused its discretion by allowing Jackson additional time under Rule 56(f) to obtain an expert affidavit without a specific factual finding on Jackson's diligence and good faith in obtaining the necessary expert testimony. Therefore, we reverse the circuit court's judgment and render summary judgment in favor of Lakeland Premier.

## CONCLUSION

¶19.    We reverse the circuit court's judgment and render summary judgment in favor of Lakeland Premier.

¶20.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS AND SULLIVAN, JJ. CONCUR.**